MATTHEW SOLOMON (appearing *pro hac vice*)
msolomon@cgsh.com
RAHUL MUKHI (SBN 350718)
rmukhi@cgsh.com
JENNIFER KENNEDY PARK (SBN 34488)
jkpark@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue
Washington, DC 20037
Telephone:    (202) 974-1680

BRIAN KLEIN (SBN 258486)
bklein@waymakerlaw.com
ASHLEY MARTABANO (SBN 236357)
amartabano@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, CA 90071
Telephone:    (424) 652-7814

*Attorneys for Defendants Payward Inc. and Payward Ventures, Inc.*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                            Plaintiff,<br><br>        v.<br><br>PAYWARD, INC.;<br>PAYWARD VENTURES, INC.,<br><br>                            Defendants. | CASE NO.: 3:23-cv-06003-WHO<br><br>Judge:  Hon. William H. Orrick III<br>Complaint Filed:  November 20, 2023<br>Current Initial CMC Date:  February 20, 2024<br>Trial Date:  None<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE** |

Pursuant to Civil Local Rules 6-1(b), 6-3, and 7-11, and Section 1(d) of the Court's Case Management Conference Order, Defendants Payward, Inc. and Payward Ventures, Inc. ("Defendants") respectfully submit this motion ("Continuance Motion"), seeking to continue the initial Case Management Conference ("CMC") currently set for February 20, 2024.  To the extent the Court believes a CMC is necessary in light of Defendants' anticipated motion seeking dismissal of the complaint (the "Dismissal Motion"), Defendants request that the CMC be set for the same date as the hearing on the Dismissal Motion.  Plaintiff Securities and Exchange Commission (the "SEC," and together with Defendants, the "Parties") does not oppose this request.  This Continuance Motion is supported by the Declaration of Rahul Mukhi ("Mukhi Decl.") and accompanied by a proposed order.

## ARGUMENT

On November 20, 2023, the SEC filed the complaint in the above-captioned action (the "Complaint," ECF No. 1).  On December 8, 2023, the Court entered an Order setting the initial CMC for February 20, 2024 (ECF No. 17).  On January 10, 2024, the Parties stipulated to a briefing schedule on the Dismissal Motion providing that Defendants shall file any motion seeking dismissal on or before February 22, 2024, Plaintiff shall file its opposition on or before April 9, 2024, and Defendants shall file a reply in support of the Motion on or before May 9, 2024, with a hearing on the Motion noticed for June 12, 2024.  The Dismissal Motion will seek to dismiss the Complaint in its entirety.   (Mukhi Decl. ¶ 5.)

This Court has discretion to continue the CMC under Rule 16.  Fed. R. Civ. P. 16(b)(4).  The Court has "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also Arcell v. Google LLC*, No. 5:22-cv-02499-EJD, 2022 WL 16557600 (N.D. Cal. Oct. 31, 2022) (granting motion to stay discovery pending ruling on motion to dismiss).  Courts in this district apply a two-part test to evaluate whether good cause exists to continue the CMC and stay discovery in light of a pending dispositive motion: (1) whether the motion will potentially dispose of the entire case, and (2) whether the court can decide the dispositive motion without further

discovery.  *See, e.g.*, *Yamasaki v. Zicam LLC*,  No. 21-cv-02596-HSG, 2021 WL 3675214, at *1 (N.D. Cal. Aug. 19, 2021); *Onuoha*, 2017 WL 11681325, at *1.

Both "good cause" reasons are satisfied here.  *First*, because the Dismissal Motion will seek dismissal of all claims against Defendants, it will dispose of the entire case if granted.  *Second*, no discovery will be necessary to adjudicate the Dismissal Motion since Defendants' legal arguments will be based on the pleadings.  (Mukhi Decl. ¶ 5.)  As such, good cause exists to continue the CMC.

For the reasons set forth above, Defendants respectfully request that this Court enter Defendants' proposed order continuing the February 20, 2024 CMC and all corresponding discovery deadlines accordingly.  The Defendants request that, if the Court determines that a CMC is necessary in light of the Dismissal Motion, the CMC be reset to June 12, 2024, or the date that the Court otherwise sets for the hearing on the Dismissal Motion.  The SEC does not oppose this request.

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: */s/ Rahul Mukhi*
    Rahul Mukhi (SBN 350718)

MATTHEW SOLOMON (appearing *pro hac vice*)
msolomon@cgsh.com
RAHUL MUKHI (SBN 350718)
rmukhi@cgsh.com
JENNIFER KENNEDY PARK (SBN 34488)
jkpark@cgsh.com

WAYMAKER LLP

BRIAN KLEIN (SBN 258486)
bklein@waymakerlaw.com
ASHLEY MARTABANO (SBN 236357)
amartabano@waymakerlaw.com

*Counsel for Defendants Payward, Inc. and Payward Ventures, Inc.*