MATTHEW C. SOLOMON (appearing *pro hac vice*)
msolomon@cgsh.com
RAHUL MUKHI (SBN 350718)
rmukhi@cgsh.com
JENNIFER KENNEDY PARK (SBN 344888)
jkpark@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue
Washington, DC 20037
Telephone:    (202) 974-1680

BRIAN KLEIN (SBN 258486)
bklein@waymakerlaw.com
ASHLEY MARTABANO (SBN 236357)
amartabano@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, CA 90071
Telephone:    (424) 652-7814

*Attorneys for Defendants Payward, Inc.
and Payward Ventures, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PAYWARD, INC.; PAYWARD VENTURES, INC.,<br><br>Defendants. | Case No. 3:23-cv-06003-WHO<br><br>Judge: Hon. William H. Orrick<br>Hearing Date: June 12, 2024<br>Time: 2:00 p.m.<br><br>**REQUEST FOR JUDICIAL NOTICE AND FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

**PLEASE TAKE NOTICE** that on June 12, 2024, or at such other date as may be agreed upon or ordered, at the Courtroom of the Honorable William H. Orrick, Defendants Payward, Inc. and Payward Ventures, Inc. (together, "Kraken") will request that the Court consider the documents identified below in support of Kraken's Motion to Dismiss the Securities and Exchange Commission ("SEC")'s Complaint (ECF No. 1) (the "Complaint").

## INTRODUCTION

The Court should consider the following documents when resolving Kraken's Motion under Federal Rule of Civil Procedure 12(b)(6). All of these documents are the proper subject of judicial notice under Federal Rule of Evidence 201 or are incorporated by reference into the Complaint:

**Category 1: Transcripts and Filings in Other Federal District Courts**

1. Transcript of the January 17, 2024 hearing in *SEC v. Coinbase, Inc.*, No. 1:23-cv-04738 (S.D.N.Y.), attached as Exhibit A to the Declaration of Matthew C. Solomon (the "Solomon Declaration").

2. Transcript of the January 22, 2024 hearing in *SEC v. Binance*, No. 1:23-cv-01599 (D.D.C.), attached as Exhibit B to the Solomon Declaration.

3. The Complaints filed in *SEC v. Coinbase, Inc.*, No. 1:23-cv-04738 (KPF) (S.D.N.Y.), ECF No. 1; *SEC v. Binance*, No.1:23-cv-01599 (ABJ) (D.D.C.), ECF No. 1; and *CFTC v. Zhao*, No.1:23-cv-01887 (N.D. Ill.), ECF No. 1.

4. Defendants' Statement of Undisputed Facts in *SEC v. Ripple*, 20-CV-10832 (AT) (SN) (S.D.N.Y.), ECF No. 826.

**Category 2: Transcripts of Congressional Hearings**

1. *The Future of Digital Assets: Measuring the Regulatory Gaps in the Digital Asset Markets: Joint Hearing Before the H. Comm. on Fin. Servs. and the H. Comm. on Agric.*, 118th Cong. (May 10, 2023), http://tinyurl.com/4xmupbxr.

2. *Game Stopped? Who Wins and Loses When Short Sellers, Social Media, and Retail Investors Collide, Part III, Hearing Before the H. Comm. on Fin. Servs.*, 117th Cong. (May 6, 2021), http://tinyurl.com/3u2cynya.

3. *The Future of Digital Asset Regulation, Hearing Before the H. Comm. on Agric.*, 117th Cong. (June 23, 2022), http://tinyurl.com/5a9dvba3.

**Category 3:   Statements From Government Websites**

1. Lummis-Gillibrand Responsible Financial Innovation Act, S. 2281, 118th Cong. (2023), https://tinyurl.com/3yx8f5hm.

2. Financial Innovation and Technology for the 21st Century Act, H.R. 4763, 118th Cong. (2023), https://tinyurl.com/yc38dmjn.

3. Clarity for Payment Stablecoins Act of 2023, H.R. 4766, 118th Cong. (2023), https://tinyurl.com/yc2nmpsx.

4. Digital Commodity Exchange Act of 2022, H.R. 7614, 117th Cong. (2022), https://tinyurl.com/45cnjwyd.

5. Digital Commodities Consumer Protection Act of 2022, S. 4760, 117th Cong. (2022), https://tinyurl.com/bdd7r5p3.

6. Token Taxonomy Act of 2021, H.R. 1628, 117th Cong. (2021), https://tinyurl.com/bezac866.

7. Eliminate Barriers to Innovation Act of 2021, H.R. 1602, 117th Cong. (2021), https://tinyurl.com/2mx3mt8m.

8. Crypto-Currency Act of 2020, H.R. 6154, 116th Cong. (2020), https://tinyurl.com/589kheax.

9. U.S. Virtual Currency Market and Regulatory Competitiveness Act of 2019, H.R. 923, 116th Cong. (2019), https://tinyurl.com/3hscvaj2.

10. Letter from Vanessa Countryman, Secretary, SEC, to Paul Grewal, Chief Legal Officer, Coinbase Global, Inc. (Dec. 15, 2023), http://tinyurl.com/354jahee.

11. U.S. Securities and Exchange Commission, *Fiscal Year 2023 Congressional Budget Justification Annual Performance Plan* (Mar. 24, 2022), http://tinyurl.com/46huja49.

12. U.S. Securities and Exchange Commission, *Mission*, http://tinyurl.com/ycxm3p4m (last modified Dec. 29, 2023).

13. U.S. Securities and Exchange Commission, Order Granting Accelerated Approval of Proposed Rule Changes to List and Trade Bitcoin-Based Commodity-Based Trust Shares and Trust Units, Release No. 34-99306 (Jan. 10, 2024), http://tinyurl.com/2p98h2kc.

14. U.S. Securities and Exchange Commission, *Notice of Effectiveness* (Apr. 1, 2021), https://tinyurl.com/bde7p3wk.

15. Hester M. Peirce, Commissioner, SEC, *Outdated: Remarks Before the Digital Assets at Duke Conference* (Jan. 20, 2023), https://tinyurl.com/47cypbvt.

16. William Hinman, Director, Division of Corporation Finance, SEC, *Digital Asset Transactions: When Howey Met Gary (Plastic)* (June 14, 2018), https://tinyurl.com/9k6hbh3m.

17. White House, *Fact Sheet: White House Releases First-Ever Comprehensive Framework for Responsible Development of Digital Assets* (Sept. 16, 2022), http://tinyurl.com/46hcbtcm.

18. Commodity Futures Trading Commission, *CFTC Approves Two Proposals and a DCO Application* (Dec. 18, 2023), http://tinyurl.com/5262yud3.

**Category 4:  Other Internet Sources**

1. *Bitcoin Price*, Kraken, http://tinyurl.com/359jk835 (last visited Feb. 14, 2024).

2. *Ethereum Price*, Kraken, http://tinyurl.com/2c6477sz (last visited Feb. 14, 2024).

3. Alec Liu, *What Satoshi Said: Understanding Bitcoin Through the Lens of Its Enigmatic Creator*, Vice (Jan. 16, 2014), http://tinyurl.com/46kffsbw.

## LEGAL STANDARDS

Under Federal Rule of Evidence 201, courts may take judicial notice of "a fact that is not subject to reasonable dispute because it" either is "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Courts are required to "take judicial notice if a party requests it

and the court is supplied with the necessary information." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012); Fed. R. Evid. 201(c)(2). In addition, the doctrine of incorporation by reference allows courts to consider documents referred to "extensively" in a complaint or that "form[] the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "[W]hen ruling on Rule 12(b)(6) motions to dismiss," courts routinely examine both "matters of which a court may take judicial notice" and "documents incorporated into the complaint by reference" alongside the allegations in the Complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## ARGUMENT

Kraken requests that the Court take judicial notice of facts contained in: (1) filings and transcripts of proceedings in other federal district courts; (2) transcripts of hearings before the U.S. House of Representatives committees; (3) statements and documents posted to official government websites; and (4) three sources from publicly-available websites. Because all of these documents are "matters of public record" from "sources whose accuracy cannot reasonably be questioned," or are otherwise incorporated into the Complaint, the Court should grant this request. *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); Fed R. Evid. 201(b)(2).

**1. Transcripts and Filings in Other Federal District Courts [Category 1]**

"[D]ocuments on file in federal . . . courts" are "undisputed matters of public record" of which courts may take judicial notice. *Harris v. County of Orange*, 682 F.3d 1126, 1133 (9th Cir. 2012) (citation omitted). So too are "transcripts from other court proceedings." *Selane Prods., Inc. v. Continental Cas. Co.*, 2020 WL 7253378, at *3 (C.D. Cal. Nov. 24, 2020); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of transcript of hearing).

Kraken's Motion cites to several filings in three other SEC enforcement actions – *SEC v. Coinbase, Inc.*, No. 1:23-cv-04738 (KPF) (S.D.N.Y.), *SEC v. Binance*, No. 1:23-cv-01599 (ABJ) (D.D.C.), and *SEC v. Ripple*, 20-CV-10832 (AT) (SN) (S.D.N.Y.) – and to one complaint filed by the CFTC. The Court should take judicial notice both of the existence of these filings and that they

"state what they state." *Warwick v. Bank of N.Y. Mellon*, 2016 WL 2997166, at *12 (C.D. Cal. May 23, 2016).

Further, there can be no dispute about the accuracy or the contents of the transcripts of the *Coinbase* and *Binance* hearings: the SEC itself participated in these proceedings and they were transcribed by court stenographers. Accordingly, it is appropriate for the Court to take judicial notice of the contents of these transcripts and that they contain the statements quoted in Kraken's Motion. *See Wayne v. Leal*, 2009 WL 2406299, at *4 (S.D. Cal. Aug. 4, 2009) ("Judicial notice is properly taken of public records, such as transcripts . . . made by other courts.").

**2. Transcripts of Congressional Hearings [Category 2]**

Similarly, transcripts of proceedings before congressional committees "are the types of documents for which the accuracy cannot reasonably be questioned" and may be judicially noticed. *321 Studios v. Metro Goldwyn Mayer Studios, Inc.*, 307 F. Supp. 2d 1085, 1107 (N.D. Cal. 2004) (taking judicial notice of transcripts of congressional hearings); *see also Anschutz Corp. v. Merrill Lynch & Co.*, 785 F. Supp. 2d 799, 834 (N.D. Cal. 2011) (granting request for judicial notice of congressional testimony). The Court should therefore take judicial notice of the date on which Kraken testified before the House Financial Services Committee and that the transcripts of the three hearings before congressional committees contain the statements quoted in Kraken's Motion.[1]

**3. Statements From Government Websites [Category 3]**

It is well established that the Court may "take judicial notice of . . . 'government documents available from reliable sources on the Internet,' such as websites run by governmental agencies." *U.S., ex rel. Modglin v. DJO Glob. Inc.*, 114 F. Supp. 3d 993, 1008 (C.D. Cal. 2015); *see also Oakley v. Devos*, 2020 WL 3268661, at *1 n.1 (N.D. Cal. June 17, 2020) (taking judicial notice of "documents posted to [a federal agency's] website").

*SEC's Own Material.* Kraken first requests that the Court take judicial notice of the following facts that appear in documents posted to the SEC's website: (1) that the SEC allowed Coinbase, Inc.

---

[1] Because these transcripts are available on a website maintained by Congress and authenticated by the Government Publishing Office, they are also judicially noticeable for this reason, as discussed in Section 3, below.

to go public; (2) that the SEC denied Coinbase's rulemaking petition; (3) that SEC Commissioner Peirce expressed doubt that the SEC had the authority to regulate digital asset trading platforms, (4) that the Director of the SEC's Division of Corporation Finance said that transactions in Bitcoin and Ether are not securities; (5) that the SEC's stated mission is to protect investors; (6) that the digital asset industry in the United States has been valued at $2-$3 trillion; and (7) that the SEC approved the listing and trading of Bitcoin ETFs.  The SEC cannot "reasonably . . . question" the "accuracy" of its own website, and so the Court should take judicial notice of these facts.  *See* Fed R. Evid. 201(b)(2); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1001 (9th Cir. 2018); *Sarcuni v. bZx DAO*, 664 F. Supp. 3d 1100, 1110 n.1 (S.D. Cal. 2023) (taking judicial notice of "administrative material"); *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1153 (E.D. Cal. 2017) (taking judicial notice of documents "prepared and made public by official government agencies").[2]

*Other Agency Material*.  Kraken also requests that the Court take judicial notice of the fact that the CFTC authorized a Bitcoin clearinghouse to "provide clearing services for futures and options traded" on an exchange.  Because the source of this fact is the CFTC itself, its accuracy cannot be reasonably disputed.  *See Comm. to Protect our Agric. Water*, 235 F. Supp. 3d at 1153.

*Proposed Legislation*.  The Court may and should take judicial notice of the proposed legislation in Category 3 because the proposed bills are "matters of public record" and appear on a website maintained by Congress.  *Id.* at 1151.  The existence of the proposed legislation is judicially noticeable for the additional reason that they are self-evident from documents that were published and authenticated by the Government Publishing Office, and so their accuracy cannot be questioned. *See FDIC v. Jackson-Shaw Partners No. 46, Ltd.*, 1994 WL 665262, at *8 n.4 (N.D. Cal. Aug. 12, 1994) (taking judicial notice of bills introduced before legislative body because they were "official publications" that were "proper subjects of judicial notice").

---

[2] Nor can the accuracy of the White House press release be questioned.  *Habelt v. iRhythm Techs., Inc.*, 2022 WL 971580, at *5 (N.D. Cal. March 31, 2022) ("[C]ourts in the Ninth Circuit routinely take judicial notice of . . . documents published by the government itself.").

### 4. Other Internet Sources [Category 4]

"In general, websites and their contents may be judicially noticed." *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020). The Court should take judicial notice of the fact that Kraken's website includes "asset-specific webpages" for Bitcoin and Ether and that these webpages include the type of information described in Paragraph 54 of the Complaint. Compl. ¶ 54. "[I]nformation on . . . webpages that [Plaintiffs] reference[]" in their pleadings are subject to judicial notice. *Love v. Ashford San Francisco II LP*, 2021 WL 1428372, at *3 (N.D. Cal. Apr. 15, 2021) (citation omitted).

In addition to being subject to judicial notice, the pages of Kraken's website in Category 4 can be considered because they are incorporated by reference in the Complaint. By "refer[ring] extensively to" Kraken's website in its Complaint (*e.g.*, Compl. ¶¶ 54, 93, 104–05, 115, 147, 166, 195), the SEC has incorporated it by reference, and the Court may consider the contents of the webpages for this reason. *See Ritchie*, 342 F.3d at 908; *Garcia v. Apple Seven Servs. San Diego, Inc.*, 2021 WL 3725921, at *2 (S.D. Cal. Aug. 20, 2021) (holding that a website was incorporated by reference into a Complaint where "the Complaint makes extensive references to the website" and "quotes it in multiple parts"). For example, the SEC alleges that Kraken's customers "can access asset-specific webpages," which include the webpages for Bitcoin and Ether, on Kraken's website. Compl. ¶ 54. The SEC then alleges that "each asset-specific page" includes multiple categories of information, such as information about price and the "team of people who created or launched the crypto asset." *Id*. The SEC devotes substantial portions of its Complaint to quoting "asset-specific webpages" in order to argue that Kraken "rebroadcast" alleged promotional statements made by issuers that "would have indicated to a reasonable investor that future profits through the increased value of the Kraken-Traded Securities would come through the efforts of these issuers and promoters." Compl. ¶¶ 63, 238, 265, 281, 314, 334, 352, 370, 390, 406, 425, 443-45. Out of fairness, Kraken should be allowed to demonstrate that its website includes similar "rebroadcasted" statements about Bitcoin and Ether, which the SEC does not contend are sold as securities. *See Khoja*, 899 F.3d at 1002 ("The [incorporation by reference] doctrine prevents plaintiffs from

selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.").

Finally, the Court should take judicial notice of the fact that Satoshi Nakamoto, the developer of Bitcoin, made the statements published in the online article quoted in Kraken's brief. Kraken does not ask the Court to determine "whether [Nakamoto's statements] were in fact true," but merely to take notice of the fact that these statements were "in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *see also Orshan v. Apple Inc.*, 2023 WL 3568079, at *5 (N.D. Cal. March 31, 2023) (taking judicial notice of the fact "that the [news] publications presented certain information publicly").

## CONCLUSION

For the foregoing reasons, Kraken respectfully requests that, in ruling on its Motion to Dismiss, the Court consider all of the documents listed above.

DATED: February 22, 2024

Respectfully Submitted,

/s/ Matthew C. Solomon
MATTHEW C. SOLOMON (appearing *pro hac vice*)
msolomon@cgsh.com
RAHUL MUKHI (SBN 350718)
rmukhi@cgsh.com
JENNIFER KENNEDY PARK (SBN 344888)
jkpark@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue
Washington, DC 20037
Telephone: (202) 974-1680

BRIAN KLEIN (SBN 258486)
bklein@waymakerlaw.com
ASHLEY MARTABANO (SBN 236357)
amartabano@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, CA 90071
Telephone: (424) 652-7814

*Attorneys for Defendants Payward Inc. and Payward Ventures, Inc.*