Jaime Bartlett, SBN 251825
jbartlett@sidley.com
David Goldenberg, SBN 347955
dgoldenberg@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Lilya Tessler (*pro hac vice* admission pending)
ltessler@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: +1 214 981 3300
Facsimile: +1 214 981 3400

*Attorneys for Amicus Curiae The Chamber of Digital Commerce*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Securities and Exchange Commission,<br><br>             Plaintiff,<br><br>       v.<br><br>Payward, Inc. et al,<br><br>             Defendants. | Case No. 3:23-cv-06003-WHO<br><br>**ADMINISTRATIVE MOTION BY THE CHAMBER OF DIGITAL COMMERCE FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Honorable William H. Orrick |

ADMINISTRATIVE MOTION FOR LEAVE TO FILE AMICUS BRIEF, CASE NO. 3:23-cv-06003-WHO

**MOTION FOR LEAVE TO FILE AN AMICUS BRIEF**

Pursuant to Local Rule 7-11, The Chamber of Digital Commerce ("The Chamber") seeks leave to file a brief as *amicus curiae* to support Defendants' motion to dismiss. Dkt. No. 25. A copy of the proposed amicus brief is attached as **Exhibit A** to this motion.

　　*i.*　　Background and Interest of The Digital Chamber of Commerce

Founded in 2014, The Chamber is the world's largest digital asset and blockchain trade association. The Chamber represents more than 200 diverse members of the blockchain industry globally, including digital asset exchanges, leading banks and investment firms, startups, and other digital asset economy participants.[1] The Chamber's leadership team and Board of Advisors includes policy and legal experts, industry pioneers, and former regulators, including two former Chairs and a Commissioner of the U.S. Commodity Futures Trading Commission ("CFTC"), and a former Commissioner of the U.S. Securities and Exchange Commission ("SEC"). Guided by the principle of promoting industry compliance with applicable law, The Chamber seeks to foster a legal and regulatory environment in which digital asset users can enjoy regulatory certainty as they apply blockchain technologies to an array of commercial, technological, and social purposes. An important aspect of that mission is representing the interests of its members, including regularly filing briefs as *amicus curiae* in novel cases that implicate issues of importance to the blockchain community.[2]

Pursuant to its mission, The Chamber also sponsors several compliance-focused initiatives, in addition to advocating for regulatory clarity. These include the Blockchain Alliance, which since 2015 has combatted criminal uses of blockchain technology, providing technical assistance and information-sharing resources. This initiative serves over 100 governmental and commercial entities, including the SEC. The Chamber also encourages industry compliance with federal securities law through initiatives like the Token Alliance, a network of 400+ thought leaders and technologists that

---

[1] This motion and attachment reflect the views of The Chamber and do not reflect the views of any individual member of The Chamber.

[2] The Chamber has filed amicus briefs in other cases involving similar issues of law. For example, The Chamber recently filed an amicus brief in *Securities & Exchange Comm'n v. Coinbase, Inc.* and *Securities & Exchange Comm'n v. Binance Holdings Ltd.*, which involves some issues similar to those in the present litigation. *See* Brief of Amicus Curiae, The Chamber of Digital Commerce, *SEC v. Coinbase Inc.*, Case No. 1:23-cv-04738-KPF (S.D.N.Y. filed Aug. 11, 2023), Dkt. No. 55; Brief of Amicus Curiae, The Chamber of Digital Commerce, *SEC v. Binance Holdings Ltd.*, Case No. 1:23-cv-01599-ABJ-ZMF (D.D.C. filed Oct. 19, 2023), Dkt. No. 159.

has developed numerous tools and resources for industry and policymakers as they engage with the blockchain and digital asset community.

The Chamber has an interest in this case because it has long called for the SEC to work cooperatively with the blockchain community to develop rules of the road that provide companies with fair notice of what the law requires and how they can comply. This matter, and the SEC's regulation-through-enforcement approach, pose a threat to the potential for sustained growth and success of the trillion-dollar blockchain community, the millions of people who participate in crypto markets, and the hundreds of crypto companies like Kraken that have attempted in good faith to comply with federal and state law as they innovate in a transformative industry.

        *ii.*   *Reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the issues before the Court*

The amicus brief is intended to assist the Court in weighing the legal merits of the SEC's allegations that Defendants are required to register with the agency as a national securities exchange, broker-dealer, and clearing agency under the Securities Exchange Act of 1934, as amended, ("Exchange Act") because they make available for trading certain digital assets that the SEC alleges are "securities" under applicable US securities laws. In particular, the amicus brief relates to a core aspect of the motion before the Court—whether the SEC sufficiently alleges that the digital assets at issue constitute "securities," such that the alleged conduct is governed by the Exchange Act and whether the SEC has overstepped its statutory authority and provided due process and fair notice by regulating-through-enforcement. Additionally, because The Chamber represents hundreds of participants spanning the entire blockchain space, The Chamber's amicus brief is intended to provide the Court with helpful context on the importance of this case for the entire industry, as the outcome of this case will impact many parties beyond those named in this litigation.

The Chamber takes no position on the factual merits of any factual assertion made by the SEC in its Complaint relating to alleged conduct by Defendants.

For the foregoing reasons, the motion for leave to file the proposed amicus brief should be granted. The proposed amicus brief is attached as **Exhibit A**. Pursuant to Civil L.R. 7-2(c), a copy of the proposed order pertaining to this motion is attached as **Exhibit B**.

Respectfully submitted,

Dated: February 27, 2024

/s/ *Jaime Bartlett*
Jaime Bartlett
Lilya Tessler (*pro hac vice* admission pending)
David Goldenberg
SIDLEY AUSTIN LLP
Attorneys for *amicus curiae*
The Chamber of Digital Commerce