**ORRICK, HERRINGTON & SUTCLIFFE LLP**
STEPHEN A. CAZARES (SBN 201864)
scazares@orrick.com
The Orrick Building
405 Howard Street
San Francisco, California 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

DANIEL S. KIM (SBN 254679)
dan.kim@orrick.com
631 Wilshire Boulevard
Suite 2-C
Santa Monica, California 90401
Telephone: (310) 633-2803

**KIRK & INGRAM, LLP**
MICHAEL W. INGRAM (SBN 310119)
mingram@kirkingram.com
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 487-0270

DAVID E. KIRK (*pro hac vice* filed)
dkirk@kirkingram.com
43 West 43rd St., Suite 279
New York, New York 10036
Tel: (212) 859-3504

Attorneys for *Amicus Curiae*
INVESTOR CHOICE ADVOCATES NETWORK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PAYWARD, INC. and PAYWARD VENTURES, INC.,<br><br>Defendants. | CASE NO. 3:23-cv-06003-WHO<br><br>**MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE***<br><br>Date: June 12, 2024<br>Time: 2:00 p.m.<br>Judge: Hon. William H. Orrick |

Investor Choice Advocates Network ("ICAN") respectfully moves to file a brief as *amicus curiae* regarding the SEC's sweeping interpretation of the term "investment contract" in this case and the implications of its overbroad definition for investors in digital assets and other assets. A copy of the proposed brief is attached as Exhibit A to this Motion. The undersigned counsel has consulted with counsel for the SEC and defendants. Counsel for defendants have consented to the filing of ICAN's *amicus* brief. Counsel for the SEC take no position with respect to ICAN's motion for leave to file the *amicus* brief and reserve rights to oppose or object to the filing upon receipt and review.

## ARGUMENT

### I. ALLOWING THE PROPOSED *AMICUS* BRIEF IS APPROPRIATE.

"The district court has broad discretion to appoint *amici curiae*." *NetChoice, LLC v. Bonta*, 2023 WL 6131619, at *1 (N.D. Cal. Sept. 18, 2023) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). "[G]enerally courts have 'exercised great liberality' in permitting *amicus* briefs." *California ex rel. Becerra v. U.S. Dep't of Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (quoting *Woodfin Suite Hotels, LLC v. City of Emeryville*, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007)). "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful or otherwise desirable to the court." *Id.* at 1163. In that regard, "'[d]istrict courts frequently welcome *amicus* briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved . . . .'" *California v. Azar*, 2019 WL 2029066, at *1 (N.D. Cal. May 8, 2019) (quoting *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003)).

Allowing ICAN to file an *amicus* brief is appropriate in this case. As explained in the attached brief, ICAN advocates for expanding investor access and represents the interests of underrepresented market participants, whose interests are not represented by either party in this

litigation.[1]  ICAN has a significant interest in assisting the Court's determination of the scope of the regulatory power of the SEC and in this Court's interpretation and application of the federal securities laws.  ICAN's brief concerns the significant implications of the SEC's positions for individual investors in digital assets.  Allowing ICAN to provide its perspective will help the Court to consider the far-reaching effects of its decision beyond the bounds of this litigation.

Furthermore, the brief provides a detailed historical perspective on the proper interpretation of the term "investment contract," thereby "address[ing] a key argument in detail that goes beyond the analysis offered by the parties."  *Inst. of Med. Educ., Inc. v. W. Ass'n of Sch. & Colleges*, 2013 WL 6672443, at *3 n.1 (N.D. Cal. Dec. 18, 2013) (allowing *amicus* brief that interpreted "critical term" in a statute).  As such, the "brief is useful in that it amplifies a number of points raised in parties' papers."  *California by & through Becerra v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1163-64 (N.D. Cal. 2019).

**II.    THE PROPOSED BRIEF COMPLIES WITH RULE 29(A) OF THE FEDERAL RULES OF APPELLATE PROCEDURE.**

Although there is no rule of this Court governing the filing of *amicus* briefs, ICAN has adhered to Rule 29(a) of the Federal Rules of Appellate Procedure in connection with this motion and accompanying *amicus* brief.  There are no facts relating to ICAN, or its proposed *amicus* brief, that would result in the disqualification of the Honorable William H. Orrick from the case.  FRAP 29(a)(2).  ICAN's interest in this case, and the reasons why an *amicus* brief is desirable and why the matters asserted are relevant to the disposition of the case, are set forth above and in

---

[1] ICAN has filed briefs as an *amicus curiae* in numerous other cases implicating investors' access to asset markets, including other recent enforcement actions concerning the application of the federal securities laws to digital assets.  See Brief for Amicus Curiae Investor Choice Advocates Network, *SEC v. Binance Holdings Ltd.*, Case No. 1:23-cv-01599-ABJ-ZMF (D.D.C. filed Oct. 11, 2023), Dkt. 150; Brief for Amicus Curiae Investor Choice Advocates Network, *SEC v. Wahi*, Case No. 2:22-cv-01009-TL (W.D. Wash. filed Feb. 13, 2023), Dkt. 43; Brief for Amicus Curiae Investor Choice Advocates Network, *SEC v. LBRY, Inc.*, Case No. 1:21-cv-00260-PB (D.N.H. filed Dec. 15, 2022), Dkt. 92; Brief for Amicus Curiae Investor Choice Advocates Network, *SEC v. Ripple Labs, Inc.*, Case No. 20-cv-10832-AT (S.D.N.Y. filed Oct. 28, 2022), Dkt. 683.

the brief itself. FRAP 29(a)(3). The contents and form of the brief comply with FRAP 29(a)(4). In addition, regarding FRAP 29(a)(4)(E): (i) a party's counsel did not author the brief in whole or in part; (ii) a party or a party's counsel has not contributed money intended to fund preparing or submitting the brief; and (iii) no person—other than the *amicus curiae*, its members, or its counsel—has contributed money intended to fund preparing or submitting the brief.

Dated: February 28, 2024                     Respectfully submitted,

| | |
|---|---|
| **KIRK & INGRAM, LLP** | **ORRICK, HERRINGTON & SUTCLIFFE LLP** |
| Michael W. Ingram (SBN 310119)<br>mingram@kirkingram.com<br>100 Wilshire Blvd., Suite 700<br>Santa Monica, California 90401<br>Tel: (310) 487-0270<br><br>David E. Kirk (*pro hac vice* filed)<br>dkirk@kirkingram.com<br>43 West 43rd St., Suite 279<br>New York, New York 10036<br>Tel: (212) 859-3504 | By: */s/ Stephen A. Cazares*<br>Stephen A. Cazares (SBN 201864)<br>scazares@orrick.com<br>The Orrick Building<br>405 Howard Street<br>San Francisco, California 94105-2669<br>Telephone: (415) 773-5700<br>Facsimile: (415) 773-5759<br><br>Daniel S. Kim (SBN 254679)<br>dan.kim@orrick.com<br>631 Wilshire Boulevard, Suite 2-C<br>Santa Monica, California 90401<br>Telephone: (310) 633-2803<br><br>*Attorneys for Amicus Curiae*<br>INVESTOR CHOICE ADVOCATES NETWORK |