Drew C. Ensign (SBN 243956)
**HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC**
2575 East Camelback Rd, Ste 860
Phoenix, AZ 85016
602-388-1262 (P)
densign@holtzmanvogel.com

*Counsel for the State of Montana*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> PAYWARD, INC.; PAYWARD VENTURES, INC., <br><br> Defendants. | Case No.: 3:23-cv-06003-WHO <br><br> **ADMINISTRATIVE MOTION BY THE STATE OF MONTANA FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF NEITHER PARTY** <br><br> Honorable William H. Orrick III |

## MOTION FOR LEAVE TO FILE AN AMICUS BRIEF

Pursuant to Local Rule 7-11, the State of Montana ("Montana") seeks leave to file a brief as amicus curiae in support of neither party in connection with Defendants' Motion to Dismiss. Dkt. No. 25. A copy of the proposed amicus brief is attached as **Exhibit A** to this motion.

*i.     Background and Interest of Montana*

Montana, like other states, has a strong interest in preventing the potential preemption of consumer protection and other state laws by the Securities and Exchange Commission's ("SEC") attempt to regulate crypto assets as securities. *See, e.g.*, Gary Gensler, SEC Chair, Statement on the Approval of SpotBitcoin Exchange-Traded Products (Jan. 10, 2024) (stating that the "vast majority of crypto assets are investment contracts and thus subject to the federal securities laws.").[1] The SEC's exercise of this undelegated authority puts consumers at risk by potentially preempting state statutes better tailored to the specific risks of non-securities products. Some state laws are more protective of consumers than the securities laws.

The SEC has described crypto assets as shares in a collective "ecosystem." Dkt. 25 at 23-25 (citing SEC statements in Coinbase and Binance oral arguments). States have been at the forefront of using their enforcement authority to protect consumers in the area of technology ecosystems. *See, e.g.*, *Utah v. Google LLC*, No. 3:21-cv-05227JD (N.D. Cal.) (action challenging anticompetitive practices in the Google play store); *Texas v. Google LLC*, No. 4:20-cv-00957-SDJ (E.D. Tex) (action challenging anticompetitive practices in the ad tech industry). Montana remains committed to protecting consumers in the diverse technology ecosystems and has a significant interest in the potential preemption of state laws that would impact those efforts.

*ii.     Reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the issues before the Court.*

The amicus brief is intended to assist the Court in resolving whether the SEC's claim of enforcement authority over crypto assets is authorized by the statutory definition of a "security" in the Securities Act of 1933 and Securities Exchange Act of 1934.  The amicus brief argues that the

---

[1] "Crypto asset" refers to "an asset issued and/or transferred using blockchain or distributed ledger technology." *See* Mtn. to Dismiss, Dkt. 25 at 4 n.2.

SEC's enforcement action exceeds its delegated powers. It addresses 1) that state-law cases inform the definition of "investment contract"; 2) the SEC wrongly expands the definition of "investment contract" in this enforcement action; 3) the SEC's overly broad interpretation of "investment contract" and claimed authority over crypto assets implicates the major questions doctrine; and 4) the SEC's expansive view of "investment contract" could preempt important state laws.

These points are relevant to resolving the pending Motion to Dismiss and the unique perspective of a state will assist the Court in understanding some of the implications of the SEC's assertion of enforcement authority.

This amicus is in support of neither party because Montana takes no position as to the conduct or business practices of Defendants, but it opposes SEC regulation of crypto assets absent an investment contract because Congress has not delegated that authority to the SEC.

For the foregoing reasons, the motion for leave to file the proposed amicus brief should be granted. The proposed amicus brief is attached as **Exhibit A**. Pursuant to Civil L.R. 7-2(c), a copy of the proposed order pertaining to this motion is attached as **Exhibit B**.

Dated: February 29, 2024             Respectfully submitted,

AUSTIN KNUDSEN
*Montana Attorney General*

By:     /s/  Drew C. Ensign
Drew C. Ensign (SBN 243956)
**HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC**
2575 East Camelback Rd, Ste 860
Phoenix, AZ 85016
602-388-1262
densign@holtzmanvogel.com

*Counsel for the State of Montana*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of February, 2024, I caused the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of the filing to all attorneys of record in this case.

/s/  Drew C. Ensign