BENJAMIN J. TOLMAN, State Bar No. 301942
TORRES & TOLMAN, PROFESSIONAL CORPORATION
201 Spear Street, Suite 1175
San Francisco, CA 94105
Telephone: (415) 212-7748
Email: btolman@torrestolman.com

Lewis Rinaudo Cohen, *pro hac vice* (pending)
Gregory Strong, *pro hac vice* (forthcoming)
Amil Sumaiya Malik. *pro hac vice* (pending)
COHENWILSON LLP
331 Park Avenue South
New York, NY 10010
Tel: (212) 984-6845
lewis.cohen@dlxlaw.com
greg.strong@dlxlaw.com
amil.malik@dlxlaw.com

*Attorneys for Amicus Curiae Paradigm Operations LP*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PAYWARD, INC. and PAYWARD VENTURES, INC.,<br><br>Defendants. | Case No. 3:23-cv-06003-WHO<br><br>**ADMINISTRATIVE MOTION BY PARADIGM OPERATIONS LP FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Judge: Hon. William H. Orrick |

## MOTION FOR LEAVE TO FILE AMICUS BRIEF

Pursuant to Local Rule 7-11 and this Court's January 18, 2024 Order (Dkt No. 21), Paradigm Operations LP ("Paradigm") respectfully seeks leave to file a brief as *amicus curiae* to support Defendants' motion to dismiss. Dkt. No. 25. A copy of the proposed amicus brief is attached to this motion.

i.   *Background and Interest of Paradigm*

Paradigm is a venture investment firm focused on supporting innovation within the crypto asset, blockchain, and web3 sectors. Paradigm offers a range of services, from the technical to the operational, to help crypto companies and projects achieve their full potential. Similarly, in its role as an industry participant and steward, Paradigm actively dedicates significant resources to engaging with state and federal regulators, legislators, trade associations, and other industry participants in order to help educate, advocate for, and advance the industry.[1] Paradigm seeks leave to participate in this case because it is concerned that the Securities and Exchange Commission's ("SEC") expansive and unsupported application of the test set forth in *S.E.C. v. W.J. Howey Co.*, 328 U.S. 293 (1946) ("*Howey*") could have sweeping and unintended effects on Paradigm, the companies and projects it supports, and the many others who seek to utilize this innovative technology in ways that may benefit millions of users in the United States and around the world.

ii.   *Reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the issues before the Court*

The amicus brief is intended to assist the Court in assessing the SEC's theory that digital assets constitute investment contracts once initially sold in investment contract transactions. The SEC alleges that Defendants failed to register as a national securities exchange, broker-dealer, and clearing agency under the Securities Exchange Act of 1934, as amended, ("Exchange Act"), all strict liability violations. Each of these registrations is only required when securities are being transacted and the SEC must allege facts sufficient to conclude that digital assets made available for trading

---

[1] Paradigm has filed briefs as *amicus curiae* in several matters similarly as critical as this, including in the matter of *SEC v. Ripple Labs, Inc.*, No. 20-cv-10832 (AT) (SN) (S.D.N.Y.) ("Ripple Labs"), and in the matter of *Commodity Futures Trading Comm'n v. Ooki DAO*, No. 3:22-cv-05416-WHO, 2022 U.S. Dist. LEXIS 228820 (N.D. Cal. Dec. 20, 2022).

on the Defendants' platform are securities. The amicus brief addresses this threshold issue, arguing that the SEC misapplies the *Howey* test in the context of secondary transactions that do not involve capital raising by an identifiable issuer.

Additionally, because Paradigm possesses a deep and extensive understanding of the underlying technology, the legal issues, the applicable jurisprudential history, and the potential consequences at stake in this case, the amicus brief is intended to provide the Court with helpful context on the importance of this case for the entire industry. Paradigm believes this perspective is critical given that the SEC's theory of law would create an entirely new standard for investment contract determinations that no market participant could possibly comply with. The implications of a judicial endorsement of the SEC's flawed position would have significant consequences for Paradigm, its supported companies, projects, and protocols, and others engaging with crypto assets. Paradigm has a substantial interest in ensuring that the Court has been presented with a comprehensive review of the issues, jurisprudential history, and associated consequences.

Paradigm takes no position on the factual merits of any factual assertion made by the SEC in its Complaint relating to alleged conduct by Defendants.

For the foregoing reasons, the motion for leave to file the proposed amicus brief should be granted. The proposed amicus brief is attached to this Motion, as is—pursuant to Civil L.R. 7-2(c)—a copy of the proposed order.

Dated:  February 29, 2024

TORRES & TOLMAN,
PROFESSIONAL CORPORATION

By:    /s/ Benjamin J. Tolman
            Benjamin J. Tolman

COHENWILSON LLP
Lewis Rinaudo Cohen, *pro hac vice* (pending)
Gregory Strong, *pro hac vice* (forthcoming)
Amil Sumaiya Malik. *pro hac vice* (pending)

*Attorneys for amicus curiae Paradigm Operations LP*