Matthew D. Zinn (Bar #214587)
Shute, Mihaly & Weinberger
396 Hayes Street
San Francisco, CA 94102-4421
415-552-7272
zinn@smwlaw.com

Robin Thurston*
Orlando Economos
Sarah Goetz*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
202-788-6052
rthurston@democracyforward.org
oeconomos@democracyforward.org
sgoetz@democracyforward.org
*Counsel for Amici Curiae*
\* *Motion for admission pro hac vice pending*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>PAYWARD, INC. and PAYWARD VENTURES, INC.,<br><br>*Defendants*. | Case No. 3: 23-cv-06003-WHO<br><br>**ADMINISTRATIVE MOTION BY ADMINISTRATIVE LAW SCHOLARS FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Honorable William H. Orrick |

Pursuant to N.D. Cal. L.R. 7-11 and this Court's January 18, 2024 Order (Dkt. No. 21), Administrative Law Scholars Todd Phillips and Beau Baumann respectfully seek leave to file a brief as amici curiae in support of the Securities and Exchange Commission's response in opposition to Defendants' motion to dismiss. Dkt. No. 25. A copy of the proposed amicus brief is attached to this motion, along with an affidavit certifying that counsel for amici have sought the consent of the parties to file.

## IDENTITY AND INTERESTS OF AMICI[1]

Amicus curiae Todd Phillips is Assistant Professor of Legal Studies at the J. Mack Robinson College of Business at Georgia State University in Atlanta, GA. Professor Phillips's scholarship has focused on financial regulation, crypto assets, and administrative law. *See, e.g.*, Todd Phillips, *Commission Chairs*, 40 Yale J. Regul. 277 (2023); Todd Phillips, *In Support of Supervisory Guidance*, 3 Corp. & Bus. L.J. 344 (2022); Todd Phillips, Ctr. for Am. Progress, *The SEC's Regulatory Role in the Digital Asset Markets*, (Oct. 4, 2021).

Amicus curiae Beau Baumann is an attorney and Doctoral candidate at Yale Law School. His work focuses on administration law and statutory interpretation. *See, e.g.*, Beau J. Baumann, *Americana Administrative Law*, 111 Geo. L.J. 465 (2023); Beau J. Baumann, *The Turney Memo*, 97 Notre Dame L. Rev. Reflection 155 (2022).

## ARGUMENT

Amici offer a unique perspective that may aid the Court in resolving whether the major questions doctrine applies here. This Court "has broad discretion to appoint amici curiae." *NetChoice, LLC v. Bonta*, No. 22-CV-08861-BLF, 2023 WL 6131619, at *1 (N.D. Cal. Sept. 18, 2023) (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)). Such participation is appropriate if it "is useful to the court" in "'assisting in a case of general public interest, supplementing the efforts of counsel, [or] drawing the court's attention to

---

[1] Amici and their counsel have authored and funded this brief entirely by themselves, and amici join this brief in their individual capacities, listing their institutional affiliations for identification purposes only. They have no financial stake in this litigation.

1

1  law that escaped consideration.'" *Id.* (quoting *Miller-Wohl Co. v. Comm'r of Lab. & Indus.
2  State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982).

3  Amici offer their unique perspective as scholars of administrative law in the area of financial regulation on the history and boundaries of the major questions doctrine. This case involves two pressing issues in the fields of securities and administrative law: whether novel financial products may evade the investor protections that have ensured the vitality and safety of the nation's capital markets for the past eight decades; and the boundaries of the major questions doctrine. Amici take no position on whether the crypto assets at issue are "investment contracts" under securities legislation and the traditional *Howey* test interpreting that term. *See SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946). Instead, they analyze Defendants' arguments focused on the major questions doctrine and go beyond the briefing of the parties to provide a clear framework for understanding its application in the context of securities enforcement.

Defendants argue that the major questions doctrine should limit the reach of the SEC's statutory authority and supersede judicial precedent regarding the nature of securities. This argument misunderstands the scope of the major questions doctrine as articulated in recent decisions by the Supreme Court and would improperly apply the doctrine beyond its reach. Amici's comprehensive review of the Supreme Court's major questions jurisprudence provides a unique perspective to the Court in this case, beyond what the parties have briefed and absent from the briefs of other amici. Amici therefore ask the Court to grant their motion.

Respectfully submitted,

DATED: April 16, 2024

DEMOCRACY FORWARD FOUNDATION

By: _____/s/ Orlando Economos_____

ORLANDO ECONOMOS

2