# EXHIBIT O

I

117TH CONGRESS
1ST SESSION
**H. R. 1628**

To amend the Securities Act of 1933 and the Securities Exchange Act
of 1934 to exclude digital tokens from the definition of a security,
to direct the Securities and Exchange Commission to enact certain regu-
latory changes regarding digital units secured through public key cryptog-
raphy, to adjust taxation of virtual currencies held in individual retire-
ment accounts, to create a tax exemption for exchanges of one virtual
currency for another, to create a de minimis exemption from taxation
for gains realized from the sale or exchange of virtual currency for
other than cash, and for other purposes.

---

## IN THE HOUSE OF REPRESENTATIVES

MARCH 8, 2021

Mr. DAVIDSON (for himself, Mr. SOTO, Mr. BUDD, Mr. GOTTHEIMER, and Mr.
PERRY) introduced the following bill; which was referred to the Com-
mittee on Financial Services, and in addition to the Committee on Ways
and Means, for a period to be subsequently determined by the Speaker,
in each case for consideration of such provisions as fall within the juris-
diction of the committee concerned

---

# A BILL

To amend the Securities Act of 1933 and the Securities
    Exchange Act of 1934 to exclude digital tokens from
    the definition of a security, to direct the Securities and
    Exchange Commission to enact certain regulatory
    changes regarding digital units secured through public
    key cryptography, to adjust taxation of virtual currencies
    held in individual retirement accounts, to create a tax
    exemption for exchanges of one virtual currency for an-
    other, to create a de minimis exemption from taxation

2

for gains realized from the sale or exchange of virtual currency for other than cash, and for other purposes.

1    *Be it enacted by the Senate and House of Representa-*

2    *tives of the United States of America in Congress assembled,*

3    **SECTION 1. SHORT TITLE.**

4    This Act may be cited as the "Token Taxonomy Act

5    of 2021".

6    **SEC. 2. SECURITIES ACT OF 1933.**

7    (a) DEFINITION OF DIGITAL TOKEN.—Section 2(a)

8    of the Securities Act of 1933 (15 U.S.C. 77b(a)) is amend-

9    ed by adding at the end the following:

10    "(20) DIGITAL TOKEN.—The term 'digital

11    token' means a digital unit—

12        "(A) that is created—

13            "(i) in response to the verification or

14            collection of proposed transactions;

15            "(ii) pursuant to rules for the digital

16            unit's creation and supply that cannot be

17            altered by any single person or persons

18            under common control; or

19            "(iii) as an initial allocation of digital

20            units that will otherwise be created in ac-

21            cordance with clause (i) or (ii);

22        "(B) that has a transaction history that—

23            "(i) is recorded in a distributed, dig-

24            ital ledger or digital data structure in

3

1        which  consensus  is  achieved  through  a

2        mathematically verifiable process; and

3                "(ii)  after  consensus  is  reached,  re-

4        sists modification or tampering by any sin-

5        gle person or group of persons under com-

6        mon control;

7                "(C)  that  is  capable  of  being  transferred

8        between persons without an intermediate custo-

9        dian; and

10               "(D)  that  is  not  a  representation  of  a  fi-

11       nancial  interest  in  a  company  or  partnership,

12       including  an  ownership  interest  or  revenue

13       share.

14       "(21) DIGITAL  UNIT.—The  term  'digital  unit'

15  means a representation of economic, proprietary, or

16  access  rights  that  is  stored  in  a  computer-readable

17  format.".

18  (b) DEFINITION  OF  SECURITY.—Section  2(a)(1)  of

19  the  Securities  Act  of  1933  (15  U.S.C.  77b(a)(1))  is

20  amended—

21       (1) by inserting "(A)" after "(1)"; and

22       (2) by adding at the end the following:

23       "(B)  Such  term  does  not  include  a  digital

24  token.".

4

1    (c) EXEMPTION.—Section 4(a) of the Securities Act

2 of 1933 (15 U.S.C. 77d(a)) is amended by adding at the

3 end the following:

4        "(8) Transactions involving the offer, pro-

5    motion, or sale of a digital unit if—

6            "(A) the person offering, promoting, or

7        selling the digital unit has a reasonable and

8        good faith belief that such digital unit is a dig-

9        ital token; and

10           "(B) within ninety days following a written

11       notification from the Commission to such per-

12       son that such digital unit has been determined

13       by the Commission to be a security, posts pub-

14       lic notice of such notification and takes reason-

15       able efforts to cease all sales and return all pro-

16       ceeds from any sales of such digital unit, ex-

17       cluding funds reasonably spent on the develop-

18       ment of technology associated with the digital

19       unit.".

20   (d) PREEMPTION OF STATE LAW.—Section 18 of the

21 Securities Act of 1933 (15 U.S.C. 77r) is amended—

22       (1) by redesignating subsection (d) as sub-

23   section (e); and

24       (2) by inserting after subsection (c) the fol-

25   lowing:

5

1     "(d) DIGITAL TOKENS.—

2        "(1) IN GENERAL.—No law, rule, regulation, or

3 order, or other administrative action of any State or

4 any political subdivision thereof—

5         "(A) requiring, or with respect to, registra-

6 tion or qualification of securities, or registration

7 or qualification of securities transactions, shall

8 directly or indirectly apply to a digital token;

9         "(B) shall directly or indirectly prohibit,

10 limit, or impose any conditions upon the use

11 of—

12         "(i) with respect to a digital token,

13 any disclosure document concerning an

14 offer or sale of a digital token that is pre-

15 pared by or on behalf of a person devel-

16 oping, offering, or selling a digital token;

17 or

18         "(ii) any proxy statement, report to

19 digital token-holders, or other disclosure

20 document relating to a digital token or a

21 person developing, offering, or selling a

22 digital token;

23         "(C) shall directly or indirectly prohibit,

24 limit, or impose conditions, based on the merits

25 of a digital token offering or a person devel-

6

1      oping, offering, or selling a digital token, upon

2      the offer or sale of any digital token; or

3         "(D) shall directly or indirectly require the

4      filing of any notices or other documents, or the

5      assessment of any fees, with respect to digital

6      tokens or digital token transactions.

7         "(2) PRESERVATION OF FRAUD AUTHORITY.—

8 States and political subdivisions thereof shall retain

9 jurisdiction under the laws of such State to inves-

10 tigate and bring enforcement actions with respect to

11 fraud or deceit, or unlawful conduct by any person,

12 in connection with digital tokens or digital token

13 transactions.".

14 **SEC. 3. SECURITIES EXCHANGE ACT OF 1934.**

15     (a) DEFINITION OF BANK.—Section 3(a)(6)(C) of

16 the Securities Exchange Act of 1934 (15 U.S.C.

17 78c(a)(6)(C)) is amended—

18         (1) by inserting "or trust company," after

19 "Home Owners' Loan Act,"; and

20         (2) by striking "receiving deposits or exercising

21 fiduciary powers" and inserting "receiving deposits,

22 providing custodial services, or exercising fiduciary

23 powers".

7

1   (b) DEFINITION OF SECURITY.—Section 3(a)(10) of

2   the Securities Exchange Act of 1934 (15 U.S.C.

3   78c(a)(10)) is amended—

4        (1) by inserting "(A)" after "(1)"; and

5        (2) by adding at the end the following:

6        "(B) Such term does not include a digital

7   token.".

8   (c) DEFINITION OF DIGITAL TOKEN.—Section 3(a)

9   of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a))

10  is amended by adding at the end the following:

11       "(82) DIGITAL TOKEN.—The term 'digital

12       token' has the meaning given to it in section 2(a) of

13       the Securities Act of 1933.".

14  (d) CLERICAL AMENDMENTS.—Section 3(a) of the

15  Securities Exchange Act of 1934 (15 U.S.C. 78c(a)) is

16  amended—

17       (1) by moving paragraph (79) so as to appear

18       after paragraph (78); and

19       (2) by redesignating the second paragraph (80)

20       (relating to "Funding portal") as paragraph (81).

21  **SEC. 4. INVESTMENT ADVISERS ACT OF 1940.**

22  (a) DEFINITION OF DIGITAL TOKEN.—Section

23  202(a) of the Investment Advisers Act of 1940 (15 U.S.C.

24  80b–2(a)) is amended—

8

1      (1) by redesignating the second paragraph (29)

2    as paragraph (31); and

3      (2) by adding at the end the following:

4      "(32) The term 'digital token' has the meaning

5    given to it in section 2(a) of the Securities Act of

6    1933.".

7    (b) DEFINITION OF SECURITY.—Section 202(a)(18)

8 of the Investment Advisers Act of 1940 (15 U.S.C. 80b–

9 2(a)(18)) is amended—

10      (1) by inserting "(A)" after "(18)"; and

11      (2) by adding at the end the following:

12      "(B) Such term does not include a digital

13    token.".

14    (c) DEFINITION OF BANK.—Section 202(a)(2)(C) of

15 the Investment Advisers Act of 1940 (15 U.S.C. 80b–

16 2(a)(2)(C)) is amended by striking "receiving deposits or

17 exercising fiduciary powers" and inserting "receiving de-

18 posits, providing custodial services, or exercising fiduciary

19 powers".

20 **SEC. 5. INVESTMENT COMPANY ACT OF 1940.**

21    (a) DEFINITION OF DIGITAL TOKEN.—Section

22 202(a) of the Investment Company Act of 1940 (15

23 U.S.C. 80a–2(a)) is amended by adding at the end the

24 following:

9

1       "(55) The term 'digital token' has the meaning

2          given to it in section 2(a) of the Securities Act of

3          1933.".

4       (b) DEFINITION OF SECURITY.—Section 202(a)(36)

5 of the Investment Company Act of 1940 (15 U.S.C. 80a–

6 2(a)(36)) is amended—

7          (1) by inserting "(A)" after "(36)"; and

8          (2) by adding at the end the following:

9          "(B) Such term does not include a digital

10         token.".

11      (c) DEFINITION OF BANK.—Section 2(a)(5) of the

12 Investment Company Act of 1940 (15 U.S.C. 80a–

13 2(a)(5)) is amended by striking "receiving deposits or ex-

14 ercising fiduciary powers" and inserting "receiving depos-

15 its, providing custodial services, or exercising fiduciary

16 powers".

17 **SEC. 6. RULE OF CONSTRUCTION WITH RESPECT TO CFTC**

18          **AND FTC.**

19      Nothing in this Act or the amendments made by this

20 Act shall be construed to limit the application of the Com-

21 modity Exchange Act or the Federal Trade Commission

22 Act.

10

**SEC. 7. SATISFACTORY CONTROL LOCATION REQUIRE-MENT.**

Not later than 90 days after the date of the enactment of this Act, the Commission shall amend section 240.15c3–3 of title 17, Code of Federal Regulations, to provide that the requirement for a satisfactory control location for any digital unit (as defined under section 2(a) of the Securities Act of 1933) that is a security is fulfilled by protecting the digital unit using public key cryptography and by following commercially reasonable cybersecurity practices to maintain the privacy and accessibility of sufficient private key material to solely be able to sign on behalf of such digital unit.

**SEC. 8. INDIVIDUAL RETIREMENT ACCOUNT INVESTMENTS IN CERTAIN VIRTUAL CURRENCIES NOT TREATED AS DISTRIBUTIONS.**

(a) IN GENERAL.—Section 408(m) of the Internal Revenue Code of 1986 is amended—

    (1) in paragraph (3)—

        (A) in the heading of the paragraph, by striking "AND BULLION" and inserting ", BULLION, AND VIRTUAL CURRENCIES";

        (B) in subparagraph (A)(iv), by striking "or";

        (C) in subparagraph (B), by inserting "or" after "futures contract,";

•HR 1628 IH

11

1        (D) by inserting after subparagraph (B)

2      the following:

3           "(C) virtual currency."; and

4           (E) by striking "if such bullion" and in-

5      serting "This paragraph shall only apply to bul-

6      lion which"; and

7      (2) by adding at the end the following:

8      "(4) VIRTUAL CURRENCY DEFINED.—For pur-

9   poses of this subsection, the term 'virtual currency'

10   means a digital representation of value that is used

11   as a medium of exchange and is not currency (with-

12   in the meaning of section 988).".

13   (b) EFFECTIVE DATE.—The amendments made by

14 this section shall apply to sales or exchanges on or after

15 January 1, 2021.

16 **SEC. 9. CERTAIN EXCHANGES OF VIRTUAL CURRENCY**

17         **TREATED AS NON-TAXABLE EXCHANGES.**

18   (a) IN GENERAL.—Section 1031 of the Internal Rev-

19 enue Code of 1986 is amended—

20      (1) in the heading, by striking "**REAL PROP-**

21      **ERTY**" and inserting "**CERTAIN PROPERTY**"; and

22      (2) in subsection (a), by adding at the end the

23      following new paragraph:

24      "(4) EXCHANGE OF VIRTUAL CURRENCY.—An

25      exchange of virtual currency (as defined under sec-

12

1    tion 408(m)) shall be treated as if such exchange

2    were an exchange of real property under this sec-

3    tion.".

4    (b) CLERICAL AMENDMENT.—The table of parts for

5    part III of subchapter O of chapter 1 of such Code is

6    amended by striking "Exchange of real property" and in-

7    serting "Exchange of certain property".

8    (c) EFFECTIVE DATE.—The amendments made by

9    this section shall apply to exchanges made on or after Jan-

10   uary 1, 2021.

11   **SEC. 10. GAIN FROM SALE OR EXCHANGE OF VIRTUAL CUR-**

12   **RENCY.**

13   (a) IN GENERAL.—Part III of subchapter B of chap-

14   ter 1 of the Internal Revenue Code of 1986 is amended

15   by inserting after section 139H the following new section:

16   **"SEC. 139I. GAIN FROM SALE OR EXCHANGE OF VIRTUAL**

17   **CURRENCY.**

18   "(a) IN GENERAL.—Gross income shall not include

19   gain from the sale or exchange of virtual currency (as de-

20   fined under section 408(m)) for other than cash or cash

21   equivalents.

22   "(b) LIMITATION.—

23       "(1) IN GENERAL.—The amount of gain ex-

24       cluded from gross income under subsection (a) with

13

1      respect to a sale or exchange of virtual currency

2      shall not exceed $600.

3           "(2) AGGREGATION RULE.—For purposes of

4      this subsection, all sales or exchanges which are part

5      of the same transaction (or a series of related trans-

6      actions) shall be treated as one sale or exchange.

7      "(c) INFLATION ADJUSTMENT.—In the case of any

8 taxable year beginning in a calendar year after 2022, the

9 dollar amount in subsection (b) shall be increased by an

10 amount equal to—

11           "(1) such dollar amount, multiplied by

12           "(2) the cost-of-living adjustment determined

13      under section 1(f)(3) for the calendar year in which

14      the taxable year begins, determined by substituting

15      'calendar year 2022' for 'calendar year 2016' in sub-

16      paragraph (A)(ii) thereof.

17 Any increase determined under the preceding sentence

18 shall be rounded to the nearest multiple of $50.".

19      (b) CLERICAL AMENDMENT.—The table of sections

20 for part III of subchapter B of chapter 1 of such Code

21 is amended by inserting after the item relating to section

22 139H the following new item:

    "Sec. 139I. Gain from sale or exchange of virtual currency.".

23      (c) REPORTING OF GAINS OR LOSSES.—The Sec-

24 retary of the Treasury shall issue regulations providing for

25 information returns on transactions in virtual currency (as

14

1 defined under section 408(m) of the Internal Revenue

2 Code of 1986) for which gain or loss is recognized.

3    (d) EFFECTIVE DATE.—The amendments made by

4 this section shall apply with respect to transactions en-

5 tered into on or after January 1, 2021.

○