# EXHIBIT S



**UNITED STATES**
## SECURITIES AND EXCHANGE COMMISSION
**100 F Street, N.E.**
**Washington, D.C. 20549**

**OFFICE OF**
**THE SECRETARY**

December 15, 2023

Paul Grewal
Chief Legal Officer
Coinbase Global, Inc.
paul.grewal@coinbase.com

Re:   Petition for Rulemaking, File No. 4-789

Dear Mr. Grewal:

This letter is in response to the Petition for Rulemaking that you filed on July 21, 2022 ("Petition" or "Pet.") on behalf of Coinbase Global, Inc. ("Petitioner").[1]

The Petition suggests that the Commission engage in discretionary rulemaking of substantial scope to create "a new regulatory framework" for crypto asset securities.[2]  Pet. 1, 3. The Petition does not include the "text or the substance of any proposed rule" as required by the Commission's Rules of Practice.  17 C.F.R. § 201.192(a).  Rather, it includes "an outline to frame the topic" and more than 100 questions that Petitioner "believe[s] are important to consider."  Pet. 7.  The Petition generally addresses the classification of crypto assets as securities, registration and disclosure requirements for offers and sales of crypto asset securities, and intermediation of crypto asset security transactions.

Pursuant to the Commission's Rules of Practice, the Petition was referred to the staff of the Divisions of Trading and Markets and Corporation Finance.  The staff considered the Petition and comment letters received in response thereto and made a recommendation to the Commission.  The Commission has carefully considered that recommendation, as well as the Petition and comment letters.  After such consideration, and in the exercise of its broad discretion to set its rulemaking agenda, the Commission concludes that the requested rulemaking is currently unwarranted and denies the Petition.

---

[1]  *See* Petition for Rulemaking – Digital Asset Securities Regulation, https://www.sec.gov/files/rules/petitions/2022/petn4-789.pdf.

[2]  "Crypto asset" refers to an asset that is issued and/or transferred using distributed ledger or blockchain technology.

Paul Grewal
December 15, 2023
Page 2


   The Commission disagrees with the Petition's assertion that application of existing
securities statutes and regulations to crypto asset securities, issuers of those securities, and
intermediaries in the trading, settlement, and custody of those securities is unworkable.
Moreover, the Commission has discretion to determine the timing and priorities of its regulatory
agenda, including with respect to discretionary rulemaking such as that requested in the
Petition.  *See Massachusetts v. EPA*, 549 U.S. 497, 527 (2007).  Any consideration of whether
and, if so, how to alter the existing regulatory regime may be informed by, among other things,
data and information provided by numerous undertakings directly or indirectly relating to crypto
asset securities that the Commission is currently pursuing.[3]  Accordingly, the Commission
concludes that it is appropriate to deny the Petition.  The Commission is also engaged in many
undertakings that relate to regulatory priorities extending well beyond crypto asset securities.[4]
The requested regulatory action would significantly constrain the Commission's choices
regarding competing priorities, and the Commission declines to undertake it at this time.

   The Commission appreciates receiving Petitioner's considered views on the issues related
to crypto asset securities raised in the Petition.  The Commission benefits from engagement with
market participants, including those focused on crypto asset securities, and will continue to so
engage.  To the extent that future circumstances warrant, the Commission may undertake further
consideration of issues raised in the Petition.


          By the Commission,



          Vanessa A. Countryman
          Secretary

---

[3]  *See, e.g.*, *Custody of Digital Asset Securities by Special Purpose Broker-Dealers*, 86 Fed. Reg.
11627 (Feb. 26, 2021); *Further Definition of "As a Part of a Regular Business" in the Definition
of Dealer and Government Securities Dealer*, 87 Fed. Reg. 23054, 23057 n.36 (Apr. 18, 2022);
*Regulation Best Execution*, 88 Fed. Reg. 5440, 5448-49, 5540-42 (Jan. 27, 2023); *Safeguarding
Advisory Client Assets*, 88 Fed. Reg. 14672, 14676, 14688-94, 14700, 14706, 14710, 14715,
14726 (Mar. 9, 2023); *Regulation Systems Compliance and Integrity*, 88 Fed. Reg. 23146,
23166-69 (Apr. 14, 2023); *Supplemental Information and Reopening of Comment Period for
Amendments Regarding the Definition of "Exchange,"* 88 Fed. Reg. 29448 (May 5, 2023).

[4]  *See, e.g.*, Office of Management and Budget, Office of Information and Regulatory Affairs,
*Securities and Exchange Commission Agency Rule List – Fall 2023* (Dec. 6, 2023),
https://www.reginfo.gov/public/do/eAgendaMain; *see also Regulatory Flexibility Agenda*, 88
Fed. Reg. 48694 (July 27, 2023).