DANIEL O. BLAU (Cal. Bar No. 305008)
Email: blaud@sec.gov
ALEC JOHNSON (Cal. Bar No. 270960)
Email: johnsonstu@sec.gov
PETER BRYAN MOORES (Mass. Bar No. 658033)
Email: mooresp@sec.gov
ELIZABETH GOODY (N.Y. Bar No. 4687463)
Email: goodye@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission

Jorge Tenreiro, Deputy Chief (Crypto Assets and Cyber Unit)
100 Pearl Street, Suite 20-100
New York, New York

Katharine E. Zoladz, Regional Director
Douglas M. Miller, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PAYWARD, INC. and PAYWARD VENTURES, INC.,<br><br>Defendants. | Case No. 3:23-cv-06003-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     June 20, 2024<br>Time:    10:00 a.m.<br>Ctrm:    2, 17th Floor<br>Judge:   The Hon. William H. Orrick |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff Securities and Exchange Commission ("SEC") and Defendants Payward, Inc. and Payward Ventures, Inc. (collectively "Kraken") met and conferred on May 29, 2024. Pursuant to Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California, the SEC and Kraken now submit this initial Joint Case Management Statement.

**1.      Jurisdiction and Service**

This Court has jurisdiction over the SEC's claims, all brought under the federal securities laws, pursuant to Section 21(d) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(d). Kraken waived service of the summons and complaint. (ECF 6.) No issues have been raised regarding personal jurisdiction or venue.

**2.      Factual Summary**

   **a.      SEC's Position**

Since 2013, Kraken has operated an online trading platform through which its customers can buy and sell crypto assets, many of which form the basis of investment contracts covered under U.S. securities laws. The complaint in this matter discusses in detail 11 crypto asset securities that Kraken made available through its trading platform or related services. In doing so, Kraken has acted as a broker, dealer, exchange, and clearing agency with respect to these crypto asset securities. However, Kraken has failed to register with the SEC in any of these capacities, as required under U.S. securities laws.

The SEC brings this action pursuant to the authority conferred upon it by Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. The Commission seeks a final judgment: (i) permanently enjoining Kraken from violating Sections 5, 15(a), and 17A of the Exchange Act [15 U.S.C. §§ 78e, 78o(a), and 78q-1(b)(1)]; (ii) ordering Kraken to disgorge its ill-gotten gains, on a joint and several basis, and to pay prejudgment interest thereon; (iii) permanently enjoining Kraken from acting as an unregistered exchange, broker, dealer, or clearing agency; and (iv) imposing civil money penalties on Kraken.

**b.     Defendants' Position**

Kraken denies it has been operating or has ever operated as an unregistered securities exchange, broker-dealer, and clearing agency in violation of the Exchange Act as alleged in the Complaint. As Kraken has set forth in its Motion to Dismiss (ECF No. 25), the SEC has failed to allege anything is traded, brokered, or cleared on Kraken other than the 11 digital assets identified in the Complaint themselves. Kraken denies that these digital assets are "crypto asset securities," which is not included within the definition of "securities" in the Exchange Act. The SEC itself concedes that digital assets are not themselves "investment contracts" under *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946), and there is nothing about the manner in which they are purchased and sold between private parties on Kraken's platform that creates an "investment contract."

Kraken seeks a final judgment dismissing the SEC's complaint with prejudice and ordering any other relief that may be just and proper.

**3.     Legal Issues**

The SEC alleges that Kraken has acted as an exchange, a broker, a dealer, and a clearing agency without registration in violation of Exchange Act Sections 5, 15(a), and 17A(b) [15 U.S.C. §§ 78e, 78o(a), and 78q-1(b)].

Kraken denies that it violated the Exchange Act as alleged by the SEC. Kraken contends that the issues that will require resolution include whether: (i) the 11 digital assets identified in the Complaint were "investment contracts" when traded on Kraken under *Howey*, (ii) the SEC's assertion of jurisdiction over the digital asset industry, including digital asset platforms such as Kraken, violates the major questions doctrine, *see West Virginia v. EPA*, 597 U.S. 697 (2022); and (iii) whether Kraken had fair notice that the SEC believed its conduct to be in violation of the law, *see FCC v. Fox Television Stations, Inc.*, 567 U.S. 239 (2012). Kraken may raise other issues depending on defenses asserted in an Answer and developments in the case.

**4.     Motions**

On February 22, 2024, Kraken filed a Motion to Dismiss the SEC's Complaint (ECF No. 25), with the SEC filing its opposition on April 9, 2024 (ECF No. 60), and Kraken filing its reply on May 9, 2024 (ECF No. 69). Kraken's motion has been fully briefed and is set for hearing on June

20, 2024. Additionally, multiple administrative motions seeking leave to file *amicus curiae* briefs in support of the SEC, Kraken, or neither party have been filed. (*See* ECF Nos. 40, 41, 47, 50, 51, 53, 65). The Court has not yet ruled on any of these motions.

If the case proceeds to discovery, the parties plan to file motions for summary judgment.

**5.     Amendment of Pleadings**

The parties do not expect to seek to add or dismiss parties. The SEC proposes a deadline for amending the pleadings of 90 days following this Court's ruling on Kraken's motion to dismiss. Should the Court adopt Kraken's proposed discovery schedule, Kraken agrees with the SEC's proposed deadline, but it otherwise reserves all rights to oppose any SEC motion to amend the pleadings.

**6.     Evidence Preparation**

The parties have reviewed the NDCA Guidelines Relating to Electronically Stored Information and have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably relevant in this action. The SEC has taken measures to preserve all documents relevant to the case it obtained during the investigation preceding the filing of this case. In addition, the SEC has instituted its procedures for preserving other records relevant to the SEC's claims in the SEC's custody that could be requested, even if they are not likely to become evidence in this case.

Kraken has likewise taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably relevant in this action.

**7.     Disclosures**

The parties have agreed to exchange initial disclosures under Rule 26(a)(1) within 21 days if there is a ruling by this Court denying Kraken's motion to dismiss.

**8.     Discovery**

No discovery has been served to date.

The parties agree that the presumptive limitation of 10 depositions per side should be sufficient in this matter. However, the parties reserve the right under the rules to request further depositions should the needs of the case so warrant.

The parties agree that the presumptive limitation of 25 interrogatories per side should apply. However, the parties reserve the right under the rules to request further interrogatories should the needs of the case so warrant.

The parties expect to enter into a protective order covering discovery in this matter and a protocol for the production of electronically stored information.

*SEC's Position.* The SEC does not believe this case requires extensive discovery. The primary issue for summary judgment and/or trial will be whether the 11 Kraken Traded Securities alleged in the Complaint are securities under the objective *Howey* standard. The evidence relevant to that analysis primarily consists of publicly available statements, significantly reducing the need for additional discovery.

*Kraken's Position.* The SEC suggests that *the SEC's* intention to rely primarily on public statements to prove its claims should limit the amount of "additional discovery" that *Kraken* can obtain in defending itself. That is wrong. The SEC's choice to limit its proof to public statements should not impact Kraken's right to obtain non-public evidence through discovery, including from third-party digital asset projects, to rebut any factual inferences or legal conclusions that the SEC is seeking to establish from such public statements (or otherwise). If the Motion to Dismiss is denied, Kraken expects the need to take extensive discovery related to the 11 digital assets alleged to be securities in the Complaint, including extensive third party discovery and potential overseas discovery to the extent relevant entities and/or documents are located there, as well as discovery related to its affirmative defenses.

**9.     Class Actions**

Not applicable.

**10.    Related Cases**

There are no related cases.

**11.    Relief**

The SEC seeks the following relief in this action:

- Findings of fact and conclusions of law that Kraken committed the violations alleged in the Complaint.

JOINT CMC STATEMENT                                4                        Case No. 3:23-cv-06003-WHO

- An order consistent with Rule 65(d) of the Federal Rules of Civil Procedure permanently enjoining Kraken, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them from violating, directly or indirectly, Sections 5, 15(a), or 17A of the Exchange Act [15 U.S.C. §§ 78e, 78o(a), 78q-1(b)].

- An order pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)] prohibiting Kraken and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, from using means or instrumentalities of interstate commerce to: (i) act as an unregistered exchange with respect to any securities, including any crypto asset securities; (ii) act as unregistered broker or dealer with respect to any securities, including any crypto asset securities; or (iii) act as an unregistered clearing agency with respect to any securities, including any crypto asset securities.

- An order requiring Kraken to disgorge all unjust enrichment, together with prejudgment interest thereon under Section 21(d)(3) and (7) of the Exchange Act [15 U.S.C. § 78u(d)(3), (7)].

- An order requiring Kraken to pay civil penalties under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

- An order retaining jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

- Such other and further relief as this Court may determine to be just and necessary.

Kraken denies that the SEC is entitled to any relief. Kraken seeks dismissal of the Complaint with prejudice and any other relief that may be just and proper.

**12.    Settlement and ADR**

In compliance with ADR L.R. 3-5, the parties have discussed selection of an ADR process. However, the parties believe that settlement discussions would not be productive at this time.

**13.    Other References**

No other reference appears suitable at this time.

**14.    Narrowing of Issues**

The parties are not aware at this time of any issues that would be appropriate for narrowing by agreement or motion. The parties do not currently have any requests to bifurcate issues, claims, or defenses.

**15.    Scheduling**

Despite conferring on the matter, the parties were unable to agree on a joint proposed schedule.

*SEC's Position.*  The SEC's position is that this case does not require a lengthy discovery period because it involves relatively simple registration claims with no scienter or reliance elements, no individual defendants, and no counter claims. The SEC believes that the primary evidence will be the public statements made by the promoters of the crypto asset securities at issue. Many of these statements have already been identified in the Complaint and are publicly available. It does not appear that there are any factual disputes beyond the interpretation of these public statements. The SEC opened this investigation into Kraken's registration status in December 2022, bringing this action in less than a year.  As such, the SEC believes that 6 months should be sufficient to complete fact discovery with another 2 months for expert discovery. Barring summary adjudication, the SEC believes this case should be ready for trial in 15 months.

*Kraken's Position.*  If the Court denies the motion to dismiss, Kraken's position is that 18 months of fact discovery would be reasonable and appropriate here given the complexity of the issues raised by the SEC's 90-page complaint, which alleges 11 separate unregistered securities offerings by 11 unique digital asset projects.  Though the SEC may intend to rely "primarily" on the public statements of these projects and the approximately 20 other entities and individuals the SEC alleges made statements about these assets, Kraken will need to obtain non-public information from these third parties to rebut any inferences or conclusions that the SEC may try to draw from the public statements, identify purchasers' reasonable expectations, and to support its anticipated affirmative defenses.  The SEC spent more than three years before filing this lawsuit conducting

investigations of Kraken's staking practices and trading platform, where it had the unilateral ability to request and compel production of documents and take testimony from Kraken and third parties.[1] Kraken now requests at least half that amount of time for fact discovery. Kraken anticipates that third-party discovery will include document requests and depositions of entities and individuals with alleged connections to each of these 11 digital assets, including certain entities and individuals who are potentially located outside of the United States. Kraken also anticipates seeking discovery, as has been done in another digital asset case, from current and former SEC officials and employees with relevant knowledge to establish its Constitutional defenses, including fair notice. Further, the two months of expert discovery that the SEC proposes is too short given the number of experts that will be needed to assist the jury in assessing novel technology and the complex quantitative issues raised by the SEC's allegations.

In the table below, the parties detail their respective proposed schedules:

| Event | SEC's Proposed Deadline | Kraken's Proposed Deadline |
|---|---|---|
| Exchange of disclosures under Federal Rule of Civil Procedure 26(a) | 21 days after a denial of motion to dismiss | 21 days after a denial of motion to dismiss |
| Close of Fact Discovery | 6 months after a denial of motion to dismiss | 18 months after a denial of motion to dismiss |
| Opening Expert Reports | 2 weeks after close of fact discovery | 2 months after close of fact discovery |
| Rebuttal Expert Reports | 1 month after initial reports | 2 months after opening expert reports |
| Close of Expert Discovery | 2 months after close of fact discovery | 2 months after rebuttal expert reports |
| Summary Judgment Motions | 1 month after close of expert discovery | 2 months after close of expert discovery |
| Summary Judgment Oppositions | 1 month after summary judgment motions | 2 months after summary judgment motions |
| Summary Judgment Replies | 2 weeks after summary judgment opposition | 6 weeks after summary judgment oppositions |
| Dispositive Motion Hearing | 3 months after close of expert discovery | 2 months after summary judgment replies |
| Final Pretrial Conference | 3 months after dispositive motion hearing | 3 months after dispositive motion hearing |

---

[1] The SEC issued the formal order related to its registration theories in December 2022. However, the SEC has been obtaining evidence related to Kraken for much longer, first serving Kraken with voluntary requests related to its staking services and trading platform in July 2020.

| Trial | 1 month after pretrial conference | 6 weeks after pretrial conference or another date thereafter that is convenient for the Court |

### 16. Trial

Kraken has not yet filed an Answer, but should the Court deny its Motion to Dismiss, Kraken anticipates demanding a jury trial. Kraken estimates that a trial would last approximately 14 full court days. The SEC estimates that a trial would take approximately 5 full court days.

### 17. Disclosure of Non-Party Entities or Persons

Under Local Civil Rule 3-15(a), the SEC is not required to file a certification.

Defendants filed their certification on February 22, 2024 (ECF 23). As required by Section 17 of the Standing Order, Kraken restates here that there is no conflict or interest other than the named parties to report.

### 18. Professional Conduct

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 19. Other Matters

The parties are not aware at this time of any other issues that might facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: June 13, 2024                Respectfully submitted,

/s/ Alec Johnson
Daniel O. Blau
Alec Johnson
Peter Bryan Moores
Elizabeth Goody
Counsel for Plaintiff
Securities and Exchange Commission

Dated: June 13, 2024

/s/ Matthew Solomon
Matthew C. Solomon (admitted *pro hac vice*)
Rahul Mukhi (SBN 350718)
Jennifer Kennedy Park (SBN 344888)

                                                           Alexander Janghorbani (admitted *pro hac vice*)
Samuel Levander (admitted *pro hac vice*)
Counsel for Defendants
Payward, Inc. and Payward Ventures, Inc.

Dated: June 13, 2024

                                                           */s/ Brian Klein*
Brian Klein (SBN 258486)
Ashley Martabano (SBN 236357)
Counsel for Defendants
Payward, Inc. and Payward Ventures, Inc.

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

    U.S. SECURITIES AND EXCHANGE COMMISSION,
    444 S. Flower Street, Suite 900, Los Angeles, California 90071
    Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On June 13, 2024, I caused to be served the document entitled **JOINT CASE MANAGEMENT STATEMENT** on all the parties to this action addressed as stated on the attached service list:

☐   **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐   **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐   **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐   **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐   **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐   **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒   **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐   **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

    I declare under penalty of perjury that the foregoing is true and correct.

Date: June 13, 2024                      */s/ Alec Johnson*
                                                  Alec Johnson

*SEC v. Payward, Inc.; Payward Ventures, Inc.*
**United States District Court—Northern District of California**
**Case No. 3:23-cv-06003-WHO**

**SERVICE LIST**

Matthew C. Solomon, Esq.
Rahul Mukhi, Esq.
Jennifer K. Park, Esq.
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Email: msolomon@cgsh.com
Email: rmukhi@cgsh.com
Email: jkpark@cgsh.com
***Attorney for Defendants Payward, Inc. and Payward Ventures, Inc.***

Samuel Levander, Esq.
Alexander Janghorbani, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New Yor, NY 10006
Email: slevander@cgsh.com
Email: ajanghorbani@cgsh.com
***Counsel for Defendants Payward, Inc. and Payward Ventures, Inc.***

Brian Klein, Esq.
Ashley Martabano, Esq.
Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Email; bklein@waymakerlaw.com
Email: amartabano@waymakerlaw.com
***Counsel for Defendants Payward, Inc. and Payward Ventures, Inc.***