UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PAYWARD, INC., et al.,<br><br>Defendants. | Case No. 23-cv-06003-WHO<br><br>**ORDER DENYING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**<br><br>Re: Dkt. No. 92 |

Defendant Payward, Inc (d/b/a Kraken, hereafter "Kraken") asks me to certify for interlocutory appeal my August 23, 2024 Order Denying Kraken's Motion to Dismiss. This matter is appropriate for resolution on the papers and the December 4, 2024 hearing is VACATED. *See* Civ. L.R. 7-1(b).

In my August 2024 Order, I found that the Securities and Exchange Commission ("SEC") had adequately alleged facts to support that the third-party cryptocurrency assets that are sold, exchanged, and traded on Kraken form the basis of investment contracts such that transactions involving those assets are subject to securities laws. Dkt. No. 90. Kraken now asks that I certify this decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) on three questions: (1) whether an "investment contract" without a contract can form the basis of an alleged Exchange Act violation; (2) whether an "investment contract" without post-sale obligations by the issuer to the purchaser can form the basis of a violation of the Exchange Act; and (3) whether the United States Supreme Court's decision in *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946) ("*Howey*") requires an investment of money in the alleged enterprise. Dkt. No. 92.

Pursuant to 28 U.S.C. § 1292, a district court may certify for interlocutory appeal an order where (1) "such order involves a controlling question of law," (2) "there is substantial ground for

difference of opinion" as to such question of law, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). Even where the party seeking to certify an issue for interlocutory review meets its burden to show that each of the three requirements are satisfied, "a district court's decision to grant or deny certification is entirely discretionary." *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-WHO, 2020 WL 1929250, at *3 (N.D. Cal. Apr. 21, 2020).

Kraken argues that my August 2024 Order involves controlling questions of law that, if decided in its favor, would require dismissal of the entire case. It also argues that the Order considers questions upon which there is a "substantial ground for difference of opinion," because no appellate court has considered these exact issues. Finally, it contends that immediate appeal would materially advice the ultimate termination of this litigation. Dkt. No. 92.

Kraken's motion for certification for interlocutory review is DENIED. I understand that Kraken substantially disagrees with my rulings on the first two issues, but it has not cited a case since *Howey* where a court has held that contractual formalities or post-sale obligations are required for something to constitute an investment contract. Recognizing this, in its Reply, Kraken argues that a circuit split or actual disagreements between courts are not prerequisites for certification and asks me to grant its motion because this case involves "novel legal issues" upon which "reasonable jurists" might disagree. Dkt. No. 102 at 3-4 (citing *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). As I discussed in the Order, several courts have addressed these issues and disagreed with Kraken's position. *See* Dkt. No. 90 at 13-15 (discussing cases, post-*Howey*, where courts have held that investment contracts are not limited to actual contracts, nor do they require post-sale obligations). And, as for the third issue, courts around the country have considered similar questions and refused to import a "privity of contract" element into the *Howey* test, such that an investment contract involving the exchange of money would require privity between the issuer and the investor. Dkt. No. 90 (discussing cases). I did the same.

Fundamentally, I do not believe that certification will materially advance the ultimate termination of the litigation. While the SEC has plausibly alleged its theory of securities violations against Kraken, only discovery will establish whether the sales, trades, and exchanges

on Kraken truly met all the *Howey* elements.  *See generally* Dkt. No. 90.  A complete record is necessary to answer those questions.  Certification at this stage would only delay resolution.

For the foregoing reasons, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 18, 2024



William H. Orrick
United States District Judge

3