# EXHIBIT A

DANIEL O. BLAU (Cal. Bar No. 305008)
Email: blaud@sec.gov
ALEC JOHNSON (Cal. Bar No. 270960)
Email: johnsonstu@sec.gov
PETER BRYAN MOORES (Mass. Bar No. 658033)
Email: mooresp@sec.gov
ELIZABETH GOODY (N.Y. Bar No. 4687463)
Email: goodye@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission

Jorge Tenreiro, Acting Chief (Crypto Assets and Cyber Unit)
100 Pearl Street, Suite 20-100
New York, New York

Katharine E. Zoladz, Regional Director
Douglas M. Miller, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PAYWARD, INC. and PAYWARD VENTURES, INC.,<br><br>Defendants. | Case No. 3:23-cv-06003-WHO<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OBJECTIONS AND RESPONSES TO DEFENDANTS PAYWARD, INC.'S AND PAYWARD VENTURES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTY:**  PAYWARD, INC. and PAYWARD VENTURES, INC.

**RESPONDING PARTY:**  SECURITIES AND EXCHANGE COMMISSION

**SET NO.:**  ONE (Nos. 1 to 91)

# INTRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules of the U.S. District Court for the Northern District of California ("Local Civil Rules"), Plaintiff Securities and Exchange Commission (the "Commission," "SEC," or "Plaintiff") hereby responds to Defendants Payward, Inc. and Payward Ventures, Inc.'s (collectively, "Defendants" or "Kraken") First Request for Production of Documents to Plaintiff ("Requests"). The Commission's responses and objections to the Requests are made to the best of its present knowledge, information, and belief. These responses and objections are made without prejudice to the Commission's right to revise or supplement its responses and objections as appropriate and to rely upon and produce or object to evidence, witnesses, facts, writings, or documents that are identified either herein or in any later supplements or amendments. By responding and objecting below, the Commission does not intend to—and does not—waive any applicable privilege, protection, or right that may prevent the disclosure of any such information. Plaintiff's responses are made solely for the purpose of and in relation to this action.

# DEFINITIONS

The SEC's responses to the Requests use the following definitions.

The "Action" means the instant, above-captioned Commission civil enforcement action.

The "Commission's Initial Disclosures" means the Commission's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A), including Attachments A and B thereto, served on Defendants in the Action on September 13, 2024.

The "Commission's Investigative File" means those non-privileged documents obtained by the Commission's Division of Enforcement staff in the Investigation that are identified in Section B(1)-(4) of the Commission's Initial Disclosures and Attachment B thereto.

The "Investigation" means the Commission's Division of Enforcement staff's investigation captioned In the Matter of Kraken conducted under File No. HO-14160.

"Non-privileged" means not protected by any privilege or protection, including, without limitation, the attorney-client privilege, the work product doctrine, the deliberative process privilege, privileges and protections pursuant to Section 24(f) of the Securities Exchange Act of

1934 ("Exchange Act"), 15 U.S.C. § 78x, the law enforcement privilege, privileges and protections pursuant to Section 21F(h)(2)(A) of the Exchange Act, 15 U.S.C. § 78u-6, and the confidential informant privilege.

"Privileged" means protected by any privilege or protection, including, without limitation, the attorney-client privilege, the work product doctrine, the deliberative process privilege, privileges and protections pursuant to Section 24(f) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78x, the law enforcement privilege, privileges and protections pursuant to Section 21F(h)(2)(A) of the Exchange Act, 15 U.S.C. § 78u-6, and the confidential informant privilege.

"Court's Individual Rules" means the Court's Individual Rules of Practice in Civil Cases.

From time to time, the SEC's responses may include terms defined by Kraken in its Requests. The SEC's use of such defined terms is for purposes of these responses only. The SEC does not adopt these terms for any other purpose. The SEC reserves its right to object to any definitions used in Kraken's Requests.

## GENERAL RESPONSES AND OBJECTIONS

The SEC asserts the following general objections to Defendants' Requests, each of which is incorporated into the specific objections and responses set forth below:

1. The SEC objects to the Definitions and Instructions set forth in the Requests to the extent they purport to impose obligations on the SEC beyond the obligations imposed by the Federal Rules. In responding to the Requests, the SEC will respond in accordance with its obligations as set forth in the Federal Rules.

2. The SEC objects to each and every Request to the extent they seek information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, or is otherwise beyond the scope of discovery set forth in Rule 26(b)(1) of the Federal Rules.

3. The SEC further objects to each and every Request to the extent their scope is overly

broad and subjects the SEC to undue oppression, harassment, burden, and expense.  In that regard, to the extent any Request requires the application of law to fact, or the production of documents in the form of legal treatises, case law, legal research, or other legal or interpretive documents, the SEC will not produce any such documents.

4.     The SEC further objects to each and every Request to the extent they seek documents protected against discovery because they are Privileged.  Nothing contained in these responses is intended as, nor shall it in any way be deemed as, a waiver of any such privileges or protections.

5.     The SEC further objects to each and every Request to the extent they seek the identity of individuals interviewed by the SEC as such information is protected from disclosure under the work product doctrine and law enforcement privilege.  *See United States v. District Council of New York City and Vicinity of the United Bhd. of* Carpenters, Case No. 90 Civ 5722 (CSH), 1992 U.S. Dist. LEXIS 12307, at *29 (S.D.N.Y. Aug. 14, 1992) ("How a party, its counsel and agents choose to prepare their case, the efforts they undertake, and the people they interview is not factual information to which an adversary is entitled.  Disclosure of this information would inevitably teach defendants which individuals the Government considered more or less valuable as witnesses and how it is preparing for trial"); *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc*., 2005 U.S. Dist. LEXIS 436489 (N.D. Cal. June 21, 2005) (identity of witnesses interviewed need not be disclosed as investigatory interviews that lead up to litigation clearly satisfy the "in anticipation of litigation" requirement of the work product doctrine); *In re MTI Technology Corp. Sec. Litig*., 2002 U.S. Dist. LEXIS 13015 (C.D. Cal. 2002) (identity of witnesses interviewed by attorneys protected by work product doctrine); *In re Ashworth, Inc. Sec. Litig.,* 213 F.R.D. 385 (S.D. Cal. 2002 ) (same); *Laxalt v. McClatchy*, 116 F.R.D. 4387, 443 (D. Nev. 1987) (parties may be compelled to disclose identity of persons having knowledge, but may not be forced to disclose which of those individuals have in fact been interviewed).

6.     The SEC further objects to each and every Request to the extent they call for the production of notes, memoranda or reports of witness interviews, as such notes, memoranda or reports are protected from disclosure under the work product doctrine.  *See, e.g., Upjohn  Co. v.*

*United States,* 449 U.S. 383, 399 (1981) ("[f]orcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes."); *McKenzie v. McCormack*, 27 F.3d 1415, 1420-21 (9th Cir. 1994) (finding interview notes were protected work product); *SEC v. Pulier*, Case No. 2:17-cv-07124-PSG-RAO, Dkt. No. 159 at p. 8 (C.D. Cal. Nov. 13, 2020) (interview notes, as distinguished from verbatim transcripts or first-person statements, are often treated as opinion work product because, in choosing what to write down, and what to omit, a lawyer necessarily reveals his mental processes); *SEC v. Strauss*, Case No. 09 Civ. 4150 (RMB)(HPB), 2009 U.S. Dist. LEXIS 101227 (S.D.N.Y. Oct. 8, 2009) (interview notes and summaries prepared by SEC attorneys and staff members protected work product); *O'Connor v. Boeing North America, Inc.*, 216 F.R.D. 640, 643 (C.D. Cal. 2003) ("[n]otes and memoranda or an attorney, or an attorney's agent, from a witness interview are opinion work product entitled to almost absolute immunity.") (*quoting Baker v. GMC*, 209 F.3d 1051, 10554 (8th Cir. 2000)); *Nishnic v. United States Department of Justice*, 671 F. Supp. 771 (D.D.C. 1987) (Department of Justice investigative reports, including witness interviews, shielded by work product doctrine); *United States v. Chatham City Corp.*, 72 F.R.D. 640 (S.D. Ga. 1976) (holding that investigative reports of the FBI, the notes of interviews by its special agents and statements obtained by Department of Justice attorneys constitute materials prepared in anticipation of litigation protected from disclosure by the work product doctrine).

7.     In addition, the SEC objects to each and every Request to the extent they call for the production of public documents that are equally available to all parties.  *See, e.g., Ayyad v. Holder*, 05-cv-02342-WYD-MJW, 2014 U.S. Dist. LEXIS 115084, at *5 (D. Colo. Aug. 19, 2014); *Valenzuela v. Smith,* S 04-0900, 2006 U.S. Dist. LEXIS 6078, at *5 (E.D. Cal. Feb. 16, 2006); *LaSalle Bank Nat'l Ass'n v. Capco Am. Securitization Corp.*, 02 CV 9916 (RLC), 2006 U.S. Dist. LEXIS 2600, at *4 (S.D.N.Y. Jan. 25, 2006);  *SEC v. Samuel H. Sloan & Co.*, 369 F. Supp. 994, 995 (S.D.N.Y. 1973).

8.     The SEC objects to each and every Request to the extent that they call for the production of documents produced by, or previously produced to, Defendants.

9.     To the extent that documents that would otherwise be produced by the Commission

in response to these Requests are subject to protective orders, they will only be produced if permitted by and in accordance with the terms of any applicable protective orders.

## RESPONSES TO REQUESTS FOR PRODUCTION

In addition to the foregoing objections, which are incorporated by reference as if set forth in full into each response below, the SEC responds to each Request as follows:

**Request for Production No. 1:**

Your complete investigative file in connection with the Investigation, including but not limited to the following:

a.      All subpoenas, voluntary document requests, and other requests to provide documents, testimony, or an interview, including Documents evidencing or memorializing the terms of any testimony or interview (including proffer agreements) of any Person or entity from whom You gathered information in connection with the Investigation;

b.      All documents received in response to any such requests, or otherwise obtained by You, from third parties or third-party sources;

c.      All transcripts, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits, witness interview notes, and memos and witness statements;

d.      All Documents Concerning any Communications Concerning the Investigation. As examples, but without limitation, this category includes all correspondence (including email), cover letters, subpoenas, witness statements, declarations, affidavits, memoranda, summaries, or notes, and any drafts and versions of the foregoing, sent to, or received from any witness, potential witness, entities, or their counsel. For the avoidance of doubt, this Request for Production includes the formal order memorandum, the action memorandum, and emails and other Communications between the staff of the Enforcement Division and SEC Commissioners or other SEC Divisions and their respective staff;

e.      All Documents memorializing, evidencing, or Concerning any Communications You had with any Government Entity and/or any other third party relating to the Investigation;

f.    All Documents or Communications Concerning any formal and/or informal cooperation agreement between You and any Person or entity from whom You gathered information in connection with the Investigation; and

g.    Your Contact List and Document Index for the Investigation, as contemplated in Section 3.2.9.4 of the SEC Enforcement Manual.

**Response to Request for Production No. 1:**

The Commission objects to Request No. 1 to the extent it seeks documents that are Privileged.

With respect to subpart (a) of Request No. 1, subject to and without waiving any general or specific objections, the Commission will produce the Commission's Investigative File, which includes Non-privileged documents responsive to this request, and will produce subpoenas and voluntary requests sent as part of the Investigation.

With respect to subpart (b) of Request No. 1, subject to and without waiving any general or specific objections, the Commission will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request.

With respect to subpart (c) of Request No. 1, the Commission further objects to Defendants' request for "witness interview notes" and "memos" on grounds that such notes and memos are Privileged. The Commission further responds to Defendants' request for "verbatim notes" by stating that it does not have any such documents in the Investigative File. With respect to the remainder of subpart (c) of this request, subject to and without waiving any general or specific objections, the Commission will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request.

With respect to subpart (d) of Request No. 1, the Commission further objects to Defendants' request for "notes" and "drafts" on grounds that such documents are Privileged. The Commission further objects to Defendants' request for all "internal… Documents…[and] correspondence (including email)" and "the formal order memorandum, the action memorandum, and emails and other communications between the staff of the Enforcement Division and SEC Commissioners or other SEC Divisions and their respective staff" because it calls for the production of documents that

are Privileged. The Commission further objects to this request to the extent it seeks documents that are not relevant nor proportional to the needs of the case. Subject to and without waiving any general or specific objections, the Commission will produce the Commission's Investigative File, which includes Non-privileged documents responsive to this request.

With respect to subpart (e) of Request No. 1, the Commission further objects to Defendants' request for communications "with any Government Entity and/or any other third party relating to the Investigation" as that request seeks documents that are Privileged. The Commission will not produce any Privileged communications between Commission staff and any Government Entity. The Commission further objects to this request to the extent it seeks documents that are not relevant or proportional to the needs of the case. Accordingly, with respect to subpart (e) of this request, subject to and without waiving any general or specific objections, the Commission will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request, and the Commission will conduct a reasonable search for additional Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case

With respect to subpart (f) of Request No. 1, the Commission states that it does not have any such documents or communications in its possession, custody, or control.

Lastly, with respect to subpart (g) of Request No. 1, the Commission further objects to Defendants' request for the Commission's "Contact List and Document Index for the Investigation, as contemplated in Section 3.2.9.4 of the SEC Enforcement Manual" on grounds that such documents are Privileged. The Commission states that Attachment A to the Commission's Initial Disclosures identifies the contact information, if known, for any individuals likely to have discoverable information that the Commission may use to support its claims against Defendants. Furthermore, subject to and without waiving any general or specific objections, the Commission will produce the Commission's Investigative File, which includes Non-privileged documents containing information that overlaps with that contained in the documents sought by this subpart.

**Request for Production No. 2:**

All Documents and Communications Concerning Kraken or the subject matter of the Investigation, the Action, the Staking Investigation, and/or the Staking Settlement, including but not limited to any notes, memoranda, or summaries Concerning Kraken, any formal, informal or voluntary requests by You for documents or information from any Person Concerning Kraken and all Documents or Communications You received in response to such formal, informal or voluntary requests.

**Response to Request for Production No. 2:**

The Commission objects to Request No. 2 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 2 to the extent that certain responsive documents are in the possession, custody, or control of, or equally available, to Defendants.

The Commission further objects to Request No. 2 as calling for the production of documents that are not relevant to any parties' claims or defenses nor proportional to the needs of the case. The Commission specifically objects to the request for documents concerning the "Staking Investigation and/or the Staking Settlement," which is not relevant to the claims or defenses in this Action.

The Commission further objects to Request No. 2, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will conduct a reasonable search for Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 3:**

Documents sufficient to establish when the SEC first learned of the existence of Kraken.

**Response to Request for Production No. 3:**

The Commission objects to Request No. 3 as unduly burdensome, overbroad, and oppressive.

The Commission also specifically objects to Defendants' use of the term "first learned," which is vague and undefined, and to the extent it seeks to place on the Commission a burden to

precisely identify when it (an agency, not an individual) "first learned" of a fact, or any other burden not found in or greater than what is required under the Federal Rules, Local Civil Rules, or the Court's Individual Rules. The Commission also specifically objects to the extent that certain communications responsive to this request—including communications between Defendants and non-Enforcement Division staff of the Commission—are already in the possession, custody, or control of, or equally available to, Defendants.

The Commission further objects to Request No. 3, to the extent it seeks documents that are not relevant nor proportional to the needs of the case. The Commission specifically objects because "when the SEC first learned of the existence of Kraken" is not relevant to any party's claims or defenses in this Action nor proportional to the needs of the case.

The Commission further objects to Request No. 3, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request.

**Request for Production No. 4:**

All Communications with third parties Concerning Kraken.

**Response to Request for Production No. 4:**

The Commission objects to Request No. 4 as unduly burdensome, overbroad, and oppressive.

The Commission also objects to Request No. 4 to the extent it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 4 as it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request.

**Request for Production No. 5:**

All Documents and Communications identified, quoted, or referenced in the Complaint.

**Response to Request for Production No. 5:**

The Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request.

**Request for Production No. 6:**

All Documents created, reviewed, considered, or relied upon by You in preparing the Complaint filed in this Action, including, without limitation, any computations or analyses prepared by You underlying or related to any assertions in the Complaint.

**Response to Request for Production No. 6:**

The Commission objects to Request No. 6 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 6 because the phrase "created, reviewed, considered, or relied upon by You in preparing the Complaint" is vague and undefined.

The Commission further objects to Request No. 6 to the extent it seeks documents that are Privileged. The Commission specifically objects because documents "created, reviewed, considered, or relied upon" by the Commission, "computations or analyses", and internal Commission communications are all documents protected by the attorney-client and deliberative process privileges and the work product doctrine.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request.

**Request for Production No. 7:**

All Documents and Communications Concerning whether and/or how the federal or state securities laws (including but not limited to, the Securities Act of 1933 and the Securities Exchange Act of 1934) apply to Kraken, Digital Asset Trading Platforms, bitcoin, ether, ADA, ALGO, ATOM, FIL, FLOW, ICP, MANA, MATIC, NEAR, OMG, and/or SOL.

**Response to Request for Production No. 7:**

The Commission objects to Request No. 7 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 7 because "how . . . securities laws . . . apply" is vague and undefined.

The Commission further objects to Request No. 7, to the extent it seeks documents that are Privileged. The Commission specifically objects because documents "Concerning whether and/or how [any] federal or state securities laws . . . apply" calls for internal Commission documents protected by the attorney-client and deliberative process privileges and the work product doctrine.

The Commission further objects to Request No. 7 to the extent it seeks documents that are not relevant nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request.

**Request for Production No. 8:**

All Documents and Communications Concerning whether and/or how the federal or state securities laws (including but not limited to, the Securities Act of 1933 and the Securities Exchange Act of 1934) apply to sales of commodities and/or collectibles.

**Response to Request for Production No. 8:**

The Commission objects to Request No. 8 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 8 because "how . . . securities laws . . . apply" and "commodities and/or collectibles" is vague and undefined.

The Commission further objects to Request No. 8, to the extent it seeks documents that are Privileged. The Commission specifically objects because documents "Concerning whether and/or how [any] federal or state securities laws . . . apply" calls for internal Commission documents protected by the attorney-client and deliberative process privileges and the work product doctrine.

The Commission further objects to Request No. 8 to the extent it seeks documents that are not relevant nor proportional to the needs of the case.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 9:**

All Documents memorializing, evidencing, or Concerning any Communication with any individuals, companies, or groups representing the interests of entities involved in Virtual Currencies and/or Digital Assets Concerning the application of federal securities laws (including, but not limited to, the Securities Act of 1933 and the Securities Exchange Act of 1934) to Virtual Currencies and/or Digital Assets and the offer and sale of such Virtual Currencies and/or Digital Assets.

**Response to Request for Production No. 9:**

The Commission objects to Request No. 9 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 9, to the extent it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 9 as it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 10:**

All Documents, Communications, and Documents Concerning such Communications Concerning Kraken, the Investigation, and/or this Action, including but not limited to:

     a.     Any formal, informal, or voluntary requests by the SEC for Documents or information concerning Kraken, the Investigation, and/or this Action;

     b.     Documents and Communications received by the SEC from third parties;

     c.     Communications with Persons or entities not party to this Action, including but not limited to, any Digital Asset issuers, Digital Asset Trading Platforms, and other Digital Asset market participants;

     d.     Documents and Communications Concerning any statements made or Documents provided by any third party (including through any agent of the third party), including Kraken's auditor or any current or former Kraken employee or executive.

**Response to Request for Production No. 10:**

The Commission objects to Request No. 10 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 10, to the extent it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 10, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes Non-privileged documents responsive to this request, and the Commission will conduct a reasonable search for additional Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 11:**

All Documents and Communications Concerning whether or when a Digital Asset and/or Virtual Currency that was originally offered or sold in a manner that constitutes a securities transaction could be later offered or sold in a manner that does not constitute a securities transaction.

**Response to Request for Production No. 11:**

The Commission objects to Request No. 11 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 11, to the extent it seeks documents that are Privileged. The Commission specifically objects to Request No. 11 because it calls for internal Commission documents protected by the attorney-client and deliberative process privileges and the work product doctrine.

The Commission further objects to Request No. 11 to the extent it seeks documents that are not relevant nor proportional to the needs of the case.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 12:**

All Documents and Communications Concerning the application of federal securities laws to secondary market trading in Digital Assets, including but not limited to secondary market trading on Digital Asset Trading Platforms.

**Response to Request for Production No. 12:**

The Commission objects to Request No. 12 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 12 because it is vague.

The Commission further objects to Request No. 12, to the extent it seeks documents that are Privileged. The Commission specifically objects to Request No. 12 because it calls for internal Commission documents protected by the attorney-client and deliberative process privileges and the work product doctrine.

The Commission further objects to Request No. 12 to the extent it seeks documents that are not relevant nor proportional to the needs of the case.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 13:**

All Documents and Communications Concerning the DAO Report and Your Release No. 81207, dated July 25, 2017.

**Response to Request for Production No. 13:**

The Commission objects to Request No. 13 as unduly burdensome, overbroad, and oppressive. The Commission also specifically objects to the request to the extent that the DAO Report is public and thus available to Defendants.

The Commission further objects to Request No. 13 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 13, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing

documents responsive to this request.

**Request for Production No. 14:**

All Documents and Communications Concerning the "Framework for 'Investment Contract' Analysis of Digital Assets" published by the Strategic Hub for Innovation and Financial Technology ("FinHub") of the SEC on April 3, 2019.

**Response to Request for Production No.14 :**

The Commission objects to Request No. 14 as unduly burdensome, overbroad, and oppressive. The Commission also specifically objects to the request to the extent that the Framework for 'Investment Contract' Analysis of Digital Assets is public and thus available to Defendants.

The Commission further objects to Request No. 14 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 14, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 15:**

All Documents Concerning the June 14, 2018, statements by former SEC Director of the Division of Corporation Finance William Hinman regarding bitcoin and ether's status under U.S. securities laws, including but not limited to:

a.      All Documents Concerning, and Communications with, the Bitcoin Foundation and/or other relevant companies or individuals in the bitcoin ecosystem, and all Communications with any attorneys or other individuals representing the Bitcoin Foundation or other relevant companies or individuals in the bitcoin ecosystem;

b.      All Documents Concerning, and Communications with, the Ethereum Foundation and/or other relevant companies (including ConsenSys) or individuals in the ether "ecosystem", and all Communications with any attorneys or other individuals representing the Ethereum Foundation or other relevant companies or individuals in the ether ecosystem;

c.     All Documents, including internal Communications, analyses, and other materials, that were prepared or relied upon by Director Hinman, or any other current or former SEC Division Director, Staff, or Commissioner in reaching the determination that bitcoin and ether are not securities or not offered and sold as securities, including drafts of Director Hinman's statements regarding bitcoin and ether and analyses prepared by SEC staff; and

d.     All Documents and Communications produced by You in the civil action *SEC v. Ripple Labs, Inc., et al.*, Case No. 20-cv-10832 (AT) (SN).

**Response to Request for Production No. 15:**

The Commission objects to Request No. 15 as unduly burdensome, overbroad, and oppressive. The Commission also specifically objects to the request to the extent that the referenced speech is publicly available on the Commission's website, and certain documents produced by the Commission in the above-referenced matter were publicly filed on the docket in that matter and are thus available to Defendants.

The Commission further objects to Request No. 15 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 15, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 16:**

Your complete investigative file in connection with the Staking Investigation, including but not limited to the following:

a.     All subpoenas, voluntary document requests, and other requests to provide documents, testimony, or an interview, including Documents evidencing or memorializing the terms of any testimony or interview (including proffer agreements) of any Person or entity from whom You gathered information in connection with the Staking Investigation;

b.     All documents received in response to any such requests, or otherwise obtained by You from third parties or third-party sources;

     c.     All transcripts, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits, witness interview notes and memos and witness statements;

     d.     All Documents and Communications Concerning the Staking Investigation. As examples, but without limitation, this category includes all correspondence (including email), cover letters, subpoenas, witness statements, declarations, affidavits, memoranda, summaries, or notes, and any drafts and versions of the foregoing, sent to, or received from any witness, potential witness, entities, or their counsel. For the avoidance of doubt, this Request for Production includes the formal order memorandum, the action memorandum, and emails and other Communications between the staff of the Enforcement Division and SEC Commissioners or other SEC Divisions and their respective staff;

     e.     All Documents memorializing, evidencing, or Concerning any Communications You had with any Government Entity and/or any other third party relating to the Staking Investigation

     f.     All Documents or Communications Concerning any formal and/or informal cooperation agreement between You and any Person or entity from whom You gathered information in connection with the Staking Investigation; and

     g.     Your Contact List and Document Index for the Staking Investigation, as contemplated in Section 3.2.9.4 of the SEC Enforcement Manual.

**Response to Request for Production No. 16:**

The Commission objects to Request No. 16 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 16 to the extent that certain responsive documents are in the possession, custody, or control of, or equally available, to Defendants.

The Commission further objects to Request No. 16 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 16, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will

conduct a reasonable search for Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 17:**

Your complete investigative file in connection with the Coinbase Investigation, including but not limited to the following:

a. All subpoenas, voluntary document requests, and other requests to provide documents, testimony, or an interview, including Documents evidencing or memorializing the terms of any testimony or interview (including proffer agreements) of any Person or entity from whom You gathered information in connection with the Coinbase Investigation;

b. All documents received in response to any such requests, or otherwise obtained by You from third parties or third-party sources;

c. All transcripts, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits, witness interview notes and memos and witness statements;

d. All Documents and Communications Concerning the Coinbase Investigation. As examples, but without limitation, this category includes all correspondence (including email), cover letters, subpoenas, witness statements, declarations, affidavits, memoranda, summaries, or notes, and any drafts and versions of the foregoing, sent to, or received from any witness, potential witness, entities, or their counsel. For the avoidance of doubt, this Request for Production includes the formal order memorandum, the action memorandum, and emails and other communications between the staff of the Enforcement Division and SEC Commissioners or other SEC Divisions and their respective staff; and

e. All Documents memorializing, evidencing, or Concerning any Communications You had with any Government Entity and/or any other third party relating to the Coinbase Investigation.

**Response to Request for Production No. 17:**

The Commission objects to Request No. 17 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 17 because it seeks documents that are not

relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 17, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will conduct a reasonable search for Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 18:**

All Documents and Communications produced by You in the civil action *SEC v. Coinbase, Inc., et al.*, Case No. 1:23-cv-04738-KPF.

**Response to Request for Production No. 18:**

The Commission objects to Request No. 18 as unduly burdensome, overbroad, and oppressive. The Commission also specifically objects to the request to the extent that certain documents produced by the Commission in the above-referenced matter were publicly filed on the docket in that matter and are thus available to Defendants.

The Commission objects to Request No. 18 because it seeks documents that are not relevant nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, the Commission states it will conduct a reasonable search for Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 19:**

Your complete investigative file in connection with the Binance Investigation, including but not limited to the following:

a.   All subpoenas, voluntary document requests, and other requests to provide documents, testimony, or an interview, including Documents evidencing or memorializing the terms of any testimony or interview (including proffer agreements) of any Person or entity from whom You gathered information in connection with the Binance Investigation;

b.   All documents received in response to any such requests, or otherwise obtained by You from third parties or third-party sources;

c.    All transcripts, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits, witness interview notes and memos and witness statements;

d.    All Documents and Communications Concerning the Binance Investigation. As examples, but without limitation, this category includes all correspondence (including email), cover letters, subpoenas, witness statements, declarations, affidavits, memoranda, summaries, or notes, and any drafts and versions of the foregoing, sent to, or received from any witness, potential witness, entities, or their counsel. For the avoidance of doubt, this Request for Production includes the formal order memorandum, the action memorandum, and emails and other communications between the staff of the Enforcement Division and SEC Commissioners or other SEC Divisions and their respective staff; and

e.    All Documents memorializing, evidencing, or Concerning any Communications You had with any Government Entity and/or any other third party relating to the Binance Investigation.

**Response to Request for Production No. 19:**

The Commission objects to Request No. 19 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 19 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 19, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will conduct a reasonable search for Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 20:**

All Documents and Communications produced by You in the civil action *SEC v. Binance Holdings Ltd., et al.*, Case No. 1:23-cv-01599-ABJ-ZMF.

**Response to Request for Production No. 20:**

The Commission objects to Request No. 20 as unduly burdensome, overbroad, and oppressive. The Commission also specifically objects to the request to the extent that certain documents produced by the Commission in the above-referenced matter were publicly filed on the docket in that matter and are thus available to Defendants.

The Commission objects to Request No. 20 because it seeks documents that are not relevant nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, the Commission states it will conduct a reasonable search for Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 21:**

Your complete investigative file in connection with the Bittrex Investigation, including but not limited to the following:

        a.     All subpoenas, voluntary document requests, and other requests to provide documents, testimony, or an interview, including Documents evidencing or memorializing the terms of any testimony or interview (including proffer agreements) of any Person or entity from whom You gathered information in connection with the Bittrex Investigation;

        b.     All documents received in response to any such requests, or otherwise obtained by You from third parties or third-party sources;

        c.     All transcripts, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits, witness interview notes and memos and witness statements;

        d.     All Documents and Communications Concerning the Bittrex Investigation. As examples, but without limitation, this category includes all correspondence (including email), cover letters, subpoenas, witness statements, declarations, affidavits, memoranda, summaries, or notes, and any drafts and versions of the foregoing, sent to, or received from any witness, potential witness, entities, or their counsel. For the avoidance of doubt, this Request for Production includes the formal order memorandum, the action memorandum, and emails and other communications between the staff of the Enforcement Division and SEC Commissioners or other SEC Divisions and their respective staff; and

1
2
3

   e.  All Documents memorializing, evidencing, or Concerning any Communications You had with any Government Entity and/or any other third party relating to the Bittrex Investigation.

4

**Response to Request for Production No. 21:**

5
6

   The Commission objects to Request No. 21 as unduly burdensome, overbroad, and oppressive.

7
8

   The Commission further objects to Request No. 21 because it seeks documents that are not relevant nor proportional to the needs of the case.

9
10

   The Commission further objects to Request No. 21, to the extent it seeks documents that are Privileged.

11
12
13

   Subject to and without waiving the foregoing objections, the Commission states it will conduct a reasonable search for Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

14

**Request for Production No. 22:**

15
16

   All Documents and Communications produced by You in the civil action *SEC v. Bittrex, Inc., et al.*, Case No. 2:23-cv-00580-RSM.

17

**Response to Request for Production No. 22:**

18
19
20
21

   The Commission objects to Request No. 22 as unduly burdensome, overbroad, and oppressive. The Commission also specifically objects to the request to the extent that certain documents produced by the Commission in the above-referenced matter were publicly filed on the docket in that matter and are thus available to Defendants.

22
23

   The Commission objects to Request No. 22 because it seeks documents that are not relevant nor proportional to the needs of the case.

24
25
26

   Subject to and without waiving the foregoing objections, the Commission states it will conduct a reasonable search for Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

27

**Request for Production No. 23:**

28

   Your complete investigative file in connection with the Dapper Labs Investigation,

including but not limited to the following:

      a.     All subpoenas, voluntary document requests, and other requests to provide documents, testimony, or an interview, including Documents evidencing or memorializing the terms of any testimony or interview (including proffer agreements) of any Person or entity from whom You gathered information in connection with the Dapper Labs Investigation;

      b.     All documents received in response to any such requests, or otherwise obtained by You from third parties or third-party sources;

      c.     All transcripts, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits, witness interview notes and memos and witness statements;

      d.     All Documents and Communications Concerning the Dapper Labs Investigation. As examples, but without limitation, this category includes all correspondence (including email), cover letters, subpoenas, witness statements, declarations, affidavits, memoranda, summaries, or notes, and any drafts and versions of the foregoing, sent to, or received from any witness, potential witness, entities, or their counsel. For the avoidance of doubt, this Request for Production includes any formal order memorandum, any action memorandum, and emails and other communications between the staff of the Enforcement Division and SEC Commissioners or other SEC Divisions and their respective staff; and

      e.     All Documents memorializing, evidencing, or Concerning any Communications You had with any Government Entity and/or any other third party relating to the Dapper Labs Investigation.

**Response to Request for Production No. 23:**

The Commission objects to Request No. 23 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 23 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 23, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will

conduct a reasonable search for Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 24:**

All Documents and Communications Concerning Your decision to close the Dapper Labs Investigation and/or not file a civil action as a result of the Dapper Labs Investigation.

**Response to Request for Production No. 24:**

The Commission objects to Request No. 24 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 24 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 24, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 25:**

All Documents and Communications Concerning Coinbase Global Inc.'s registration statement, including but not limited to: Your evaluations of Coinbase Global Inc.'s Form S-1; Your decision to declare the registration statement effective, as reflected in the Notice of Effectiveness dated April 1, 2021, in file number 333-253482; and any reviews or investigations You conducted that resulted in Your decision to declare Coinbase Global Inc.'s registration statement effective.

**Response to Request for Production No. 25:**

The Commission objects to Request No. 25 as unduly burdensome, overbroad, and oppressive. The Commission specifically objects to the extent certain documents responsive to this request—i.e., the Form S-1 and any drafts thereof or attachments thereto—are public and thus available to Defendants.

The Commission further objects to Request No. 25 because it seeks only documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 25, to the extent it seeks documents that are

Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 26:**

All Documents Concerning any Communication You had with any Government Entity relating to the Investigation or the allegations in the Complaint.

**Response to Request for Production No. 26:**

The Commission objects to Request No. 26 as unduly burdensome, overbroad, and oppressive.

The Commission also objects to Request No. 26, to the extent it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 26 as it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will conduct a reasonable search for Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 27:**

All Documents Concerning any Communication You had with any Government Entity relating to the Coinbase Investigation or the allegations in the SEC's complaint against Coinbase, Inc. and Coinbase Global, Inc. in the United States District Court for the Southern District of New York (Civil Action No. 1:23-cv-04738-KPF, ECF No. 1).

**Response to Request for Production No. 27:**

The Commission objects to Request No. 27 as unduly burdensome, overbroad, and oppressive.

The Commission also objects to Request No. 27, to the extent it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 27 as it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 28:**

All Documents Concerning any Communication You had with any Government Entity relating to the Binance Investigation or the allegations in the SEC's complaint against Binance Holdings Limited, BAM Trading Services Inc., BAM Management US Holdings Inc., and Changpeng Zhao in the United States District Court for the District of Columbia (Civil Action No. 1:23-cv-01599-ABJ-ZMF, ECF No. 1).

**Response to Request for Production No. 28:**

The Commission objects to Request No. 28 as unduly burdensome, overbroad, and oppressive.

The Commission also objects to Request No. 28, to the extent it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 28 as it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 29:**

All Documents Concerning any Communication You had with any Government Entity relating to the Bittrex Investigation or the allegations in the SEC's complaint against Bittrex Inc., Bittrex Global GmbH, and William Hiroaki Shihara in the United States District Court for the Western District of Washington (Civil Action No. 2:23-cv-00580-RSM, ECF No. 1).

**Response to Request for Production No. 29:**

The Commission objects to Request No. 29 as unduly burdensome, overbroad, and oppressive.

The Commission also objects to Request No. 29, to the extent it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 29 as it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 30:**

All Documents created, reviewed, considered, or relied upon by the SEC's Division of Economic Research and Analysis Concerning Digital Assets or Virtual Currencies, including but not limited to analysis of bitcoin and ether.

**Response to Request for Production No. 30:**

The Commission objects to Request No. 30 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 30 because it is vague and ambiguous.

The Commission further objects to Request No. 30, to the extent it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 30, to the extent it seeks documents that are Privileged. The Commission specifically objects to Defendants' request for "analysis" done by or on behalf of the Commission, which is protected by the work product doctrine and also premature under and/or protected by Federal Rules 26(a)(2), 26(b)(3) and 26(b)(4).

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 31:**

All Documents created, reviewed, considered, or relied upon by the SEC Concerning the regulation of Digital Assets or Virtual Currencies, including but not limited to analysis of bitcoin and ether as currencies under the laws of the United States.

**Response to Request for Production No.31 :**

The Commission objects to Request No. 31 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 31 because it is vague and ambiguous.

The Commission also objects to Request No. 31, to the extent it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 31, to the extent it seeks documents that are Privileged.

1
2
Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

3
**Request for Production No. 32:**

4
5
All Documents created, reviewed, considered, or relied upon by the SEC Concerning the regulation of Digital Asset Trading Platforms.

6
**Response to Request for Production No. 32:**

7
8
The Commission objects to Request No. 32 as unduly burdensome, overbroad, and oppressive.

9
10
The Commission also objects to Request No. 32, to the extent it seeks documents that are not relevant nor proportional to the needs of the case.

11
12
The Commission further objects to Request No. 32, to the extent it seeks documents that are Privileged.

13
14
Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

15
**Request for Production No. 33:**

16
17
18
19
All Documents and Communications Concerning the SEC's approval of the listing and trading of shares of the Grayscale Ethereum Trust, the Bitwise Ethereum ETF, the iShares Ethereum Trust, the VanEck Ethereum Trust, the ARK 21Shares Ethereum ETF, the Invesco Galaxy Ethereum ETF, the Fidelity Ethereum Fund, and the Franklin Ethereum ETF.

20
**Response to Request for Production No.33 :**

21
22
The Commission objects to Request No. 33 as unduly burdensome, overbroad, and oppressive.

23
24
The Commission also objects to Request No. 33, to the extent it seeks documents that are not relevant nor proportional to the needs of the case.

25
26
The Commission further objects to Request No. 33, to the extent it seeks documents that are Privileged.

27
28
Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 34:**

All Documents and Communications Concerning the Ethereum Foundation's ownership or control of ether tokens.

**Response to Request for Production No. 34:**

The Commission objects to Request No. 34 as unduly burdensome, overbroad, and oppressive.

The Commission also objects to Request No. 34, to the extent it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 34, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 35:**

All Documents and Communications Concerning ADA, the Cardano blockchain, the Cardano Foundation, IOHK, Emurgo or any of their current or former founders, directors, officers, or personnel, including but not limited to any notes, memoranda, or summaries; any formal, informal or voluntary requests by You for documents or information from any Person; and all Documents or Communications You received in response to such formal, informal or voluntary requests.

**Response to Request for Production No. 35:**

The Commission objects to Request No. 35 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 35 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 35, to the extent it seeks documents that are Privileged. The Commission specifically objects to Defendants' request for "any notes, memoranda, or summaries" on the grounds that such materials are protected by the work product doctrine.

Subject to and without waiving the foregoing objections, the Commission states it will

produce the Commission's Investigative File, which includes Non-privileged documents responsive to this request, and the Commission will conduct a reasonable search for additional Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 36:**

All Documents and Communications Concerning ALGO, the Algorand blockchain, the Algorand Foundation Ltd. or any of its current or former founders, directors, officers, or personnel, including but not limited to any notes, memoranda, or summaries; any formal, informal or voluntary requests by You for documents or information from any Person; and all Documents or Communications You received in response to such formal, informal or voluntary requests.

**Response to Request for Production No.36 :**

The Commission objects to Request No. 36 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 36 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 36, to the extent it seeks documents that are Privileged. The Commission specifically objects to Defendants' request for "any notes, memoranda, or summaries" on the grounds that such materials are protected by the work product doctrine.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes Non-privileged documents responsive to this request, and the Commission will conduct a reasonable search for additional Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 37:**

All Documents and Communications Concerning ATOM, the Cosmos Hub, the Cosmos Network, the Interchain Foundation, Interchain GmbH, LLC, All in Bits, Inc. d/b/a Tendermint (n/k/a Ignite, Inc.), NewTendermint, Inc. or any of their current or former founders, directors, officers, or personnel, including but not limited to any notes, memoranda, or summaries; any

formal, informal or voluntary requests by You for documents or information from any Person; and all Documents or Communications You received in response to such formal, informal or voluntary requests.

**Response to Request for Production No. 37:**

The Commission objects to Request No. 37 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 37 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 37, to the extent it seeks documents that are Privileged. The Commission specifically objects to Defendants' request for "any notes, memoranda, or summaries" on the grounds that such materials are protected by the work product doctrine.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes Non-privileged documents responsive to this request, and the Commission will conduct a reasonable search for additional Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 38:**

All Documents and Communications Concerning FIL, the Filecoin network, Protocol Labs or any of its current or former founders, directors, officers, or personnel, including but not limited to any notes, memoranda, or summaries; any formal, informal or voluntary requests by You for documents or information from any Person; and all Documents or Communications You received in response to such formal, informal or voluntary requests.

**Response to Request for Production No. 38:**

The Commission objects to Request No. 38 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 38 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 38, to the extent it seeks documents that are

Privileged. The Commission specifically objects to Defendants' request for "any notes, memoranda, or summaries" on the grounds that such materials are protected by the work product doctrine.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes Non-privileged documents responsive to this request, and the Commission will conduct a reasonable search for additional Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 39:**

All Documents and Communications Concerning FLOW, the Flow blockchain, Dapper Labs or any of its current or former founders, directors, officers, or personnel, including but not limited to any notes, memoranda, or summaries; any formal, informal or voluntary requests by You for documents or information from any Person; and all Documents or Communications You received in response to such formal, informal or voluntary requests.

**Response to Request for Production No. 39:**

The Commission objects to Request No. 39 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 39 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 39, to the extent it seeks documents that are Privileged. The Commission specifically objects to Defendants' request for "any notes, memoranda, or summaries" on the grounds that such materials are protected by the work product doctrine.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes Non-privileged documents responsive to this request, and the Commission will conduct a reasonable search for additional Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 40:**

All Documents and Communications Concerning ICP, DNF, the "Internet Computer

Protocol," DFINITY Foundation or any of its current or former founders, directors, officers, or personnel, including but not limited to any notes, memoranda, or summaries; any formal, informal or voluntary requests by You for documents or information from any Person; and all Documents or Communications You received in response to such formal, informal or voluntary requests.

**Response to Request for Production No. 40:**

The Commission objects to Request No. 40 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 40 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 40, to the extent it seeks documents that are Privileged. The Commission specifically objects to Defendants' request for "any notes, memoranda, or summaries" on the grounds that such materials are protected by the work product doctrine.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes Non-privileged documents responsive to this request, and the Commission will conduct a reasonable search for additional Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 41:**

All Documents and Communications Concerning MANA, Decentraland, Metaverse Holdings or any of its current or former founders, directors, officers, or personnel, including but not limited to any notes, memoranda, or summaries; any formal, informal or voluntary requests by You for documents or information from any Person; and all Documents or Communications You received in response to such formal, informal or voluntary requests.

**Response to Request for Production No. 41:**

The Commission objects to Request No. 41 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 41 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 41, to the extent it seeks documents that are Privileged. The Commission specifically objects to Defendants' request for "any notes, memoranda, or summaries" on the grounds that such materials are protected by the work product doctrine.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes Non-privileged documents responsive to this request, and the Commission will conduct a reasonable search for additional Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 42:**

All Documents and Communications Concerning MATIC, the Polygon blockchain, Polygon, the Matic Network, Polygon Labs or any of their current or former founders, directors, officers, or personnel, including but not limited to any notes, memoranda, or summaries; any formal, informal or voluntary requests by You for documents or information from any Person; and all Documents or Communications You received in response to such formal, informal or voluntary requests.

**Response to Request for Production No. 42:**

The Commission objects to Request No. 42 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 42 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 42, to the extent it seeks documents that are Privileged. The Commission specifically objects to Defendants' request for "any notes, memoranda, or summaries" on the grounds that such materials are protected by the work product doctrine.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes Non-privileged documents responsive to this request, and the Commission will conduct a reasonable search for additional Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 43:**

All Documents and Communications Concerning NEAR, the NEAR blockchain protocol, Near, Inc., the NEAR Foundation or any of their current or former founders, directors, officers, or personnel, including but not limited to any notes, memoranda, or summaries; any formal, informal or voluntary requests by You for documents or information from any Person; and all Documents or Communications You received in response to such formal, informal or voluntary requests.

**Response to Request for Production No. 43:**

The Commission objects to Request No. 43 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 43 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 43 to the extent it seeks documents that are Privileged. The Commission specifically objects to Defendants' request for "any notes, memoranda, or summaries" on the grounds that such materials are protected by the work product doctrine.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes Non-privileged documents responsive to this request, and the Commission will conduct a reasonable search for additional Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 44:**

All Documents and Communications Concerning OMG, the OMG Network, OmiseGO, Genesis Block Ventures, the Boba Network, the BOBA Foundation or any of their current or former founders, directors, officers, or personnel, including but not limited to any notes, memoranda, or summaries; any formal, informal or voluntary requests by You for documents or information from any Person; and all Documents or Communications You received in response to such formal, informal or voluntary requests.

**Response to Request for Production No. 44:**

The Commission objects to Request No. 44 as unduly burdensome, overbroad, and

oppressive.

The Commission further objects to Request No. 44 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 44, to the extent it seeks documents that are Privileged. The Commission specifically objects to Defendants' request for "any notes, memoranda, or summaries" on the grounds that such materials are protected by the work product doctrine.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes Non-privileged documents responsive to this request, and the Commission will conduct a reasonable search for additional Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 45:**

All Documents and Communications Concerning SOL, the Solana blockchain, Solana Labs, Inc. or its current or former founders, directors, officers, or personnel, including but not limited to any notes, memoranda, or summaries; any formal, informal or voluntary requests by You for documents or information from any Person; and all Documents or Communications You received in response to such formal, informal or voluntary requests.

**Response to Request for Production No. 45:**

The Commission objects to Request No. 45 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 45 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 45, to the extent it seeks documents that are Privileged. The Commission specifically objects to Defendants' request for "any notes, memoranda, or summaries" on the grounds that such materials are protected by the work product doctrine.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes Non-privileged documents responsive to this request, and the Commission will conduct a reasonable search for additional Non-privileged

documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 46:**

All Documents and Communications Concerning any alleged "ecosystems" for ADA, ALGO, ATOM, FIL, FLOW, ICP, MANA, MATIC, NEAR, OMG, and/or SOL.

**Response to Request for Production No. 46:**

The Commission objects to Request No. 46 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 46 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 46, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes Non-privileged documents responsive to this request, and the Commission will conduct a reasonable search for additional Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 47:**

All Documents and Communications Concerning any Person or entity's acts or intentions to trade, hold, broker, maintain custody or deal in, or otherwise use ADA, ALGO, ATOM, FIL, FLOW, ICP, MANA, MATIC, NEAR, OMG, and/or SOL for any purpose.

**Response to Request for Production No. 47:**

The Commission objects to Request No. 47 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 47 because it is vague and ambiguous as to "acts or intentions."

The Commission further objects to Request No. 47 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 47 to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes Non-privileged documents responsive to this request, and the Commission will conduct a reasonable search for additional Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 48:**

All Documents and Communications with the issuers of, and/or Persons or organizations associated with, ADA, ALGO, ATOM, FIL, FLOW, ICP, MANA, MATIC, NEAR, OMG, and/or SOL directing them to cease, or refrain from, selling Digital Assets, or informing them that any Digital Assets are a "security" or were offered or sold as a security within the meaning of the Securities Act of 1933 and/or Securities Exchange Act of 1934.

**Response to Request for Production No. 48:**

The Commission objects to Request No. 48 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 48 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 48, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will conduct a reasonable search for Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 49:**

All SEC policies governing SEC employees' ownership, trading in, or purchase or sale of, Digital Assets and/or Virtual Currencies, including all changes and updates to those policies.

**Response to Request for Production No. 49:**

The Commission objects to Request No. 49 as unduly burdensome, overbroad, and

oppressive.

The Commission further objects to Request No. 49 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 49, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states that 18 U.S.C. § 208, which is publicly available, bars an employee from working on a matter that will have a direct and predictable effect on the employee's financial interests, or those of the employee's spouse or minor child. Commission employees are also subject to the Supplemental Standards of Ethical Conduct for Members and Employees of the Securities and Exchange Commission, publicly available and codified at 5 C.F.R. Part 4401. To the extent there are other ethics regulations that govern Commission employees' "purchase, use, ownership, or trading" of crypto assets or "use of Digital Asset Platforms," they are public and thus available to Defendants.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 50:**

All Documents and Communications concerning the utilization by You and/or any other Government Entity of Kraken's Digital Asset Trading Platform.

**Response to Request for Production No. 50:**

The Commission objects to Request No. 50 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 50 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 50, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 51:**

All Documents or Communications Concerning any policy, guidance, clearance or other permission or restriction given to current or former SEC Commissioners, staff members, officers or employees Concerning ownership or trading in Digital Assets, including but not limited to ADA, ALGO, ATOM, FIL, FLOW, ICP, MANA, MATIC, NEAR, OMG, and/or SOL by such Person or their family members, including, but not limited to general SEC policies and Communications with individuals.

**Response to Request for Production No. 51:**

The Commission objects to Request No. 51 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 51 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 51, to the extent it seeks documents that are Privileged.

The Commission further objects to Request No. 51 because the phrase "guidance, clearance, or other permission or restriction" is vague and undefined.

The Commission further objects to Request No. 51, to the extent it seeks Commission employees' confidential personal financial information, where production of such information would result in the unnecessary infringement of their privacy rights and interests.

Subject to and without waiving the foregoing objections, the Commission states that 18 U.S.C. § 208, which is publicly available, bars an employee from working on a matter that will have a direct and predictable effect on the employee's financial interests, or those of the employee's spouse or minor child. Commission employees are also subject to the Supplemental Standards of Ethical Conduct for Members and Employees of the Securities and Exchange Commission, publicly available and codified at 5 C.F.R. Part 4401. To the extent there are other ethics regulations that govern Commission employees' "purchase, use, ownership, or trading" of crypto assets or "use of Digital Asset Platforms," they are public and thus available to Defendants.

Based on the above-stated objections, the Commission is not searching for or producing

documents responsive to this request.

**Request for Production No. 52:**

All Documents or Communications Concerning any ownership or trading in any Digital Asset by You or any current or former SEC Commissioner, staff member, officer or employee, including (1) Documents Concerning all Digital Asset wallet addresses over which You or such Person exercises or has exercised control, or maintains or has maintained the private keys, and (2) any wallet address used to distribute any Digital Asset, and any wallet address maintained on Your or such Person's behalf by any third party or Digital Asset Trading Platform.

**Response to Request for Production No. 52:**

The Commission objects to Request No. 52 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 51 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 52, to the extent it seeks documents that are Privileged.

The Commission further objects to Request No. 51, to the extent it seeks Commission employees' confidential personal financial information, where production of such information would result in the unnecessary infringement of their privacy rights and interests.

Subject to and without waiving the foregoing objections, the Commission states that 18 U.S.C. § 208, which is publicly available, bars an employee from working on a matter that will have a direct and predictable effect on the employee's financial interests, or those of the employee's spouse or minor child. Commission employees are also subject to the Supplemental Standards of Ethical Conduct for Members and Employees of the Securities and Exchange Commission, publicly available and codified at 5 C.F.R. Part 4401. To the extent there are other ethics regulations that govern Commission employees' "purchase, use, ownership, or trading" of crypto assets or "use of Digital Asset Platforms," they are public and thus available to Defendants.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

1  **Request for Production No. 53:**

2      All Documents Concerning analyses (including, but not limited to, any regression and

3  correlation, or event study analysis) whether done by You, on Your behalf, or for You relating to:

4          a.    ADA, ALGO, ATOM, FIL, FLOW, ICP, MANA, MATIC, NEAR, OMG,

5  and/or SOL;

6          b.    The issuers of, and/or Persons or organizations associated with, the Digital

7  Assets listed in subpart (a).

8          c.    Correlations between the market performance of any Digital Assets listed in

9  subpart (a) and other Digital Assets and/or Virtual Currencies.

10          d.    Correlations between the market performance of any Digital Assets listed in

11  subpart (a) and public statements or actions taken by any of the Persons, issuers, or organizations

12  encompassed within subpart (b).

13          e.    The size and value of sales of the Digital Assets listed in subpart (a) over

14  time.

15  **Response to Request for Production No. 53:**

16      The Commission objects to Request No. 53 as unduly burdensome, overbroad, and

17  oppressive.

18      The Commission also objects to Request No. 53, to the extent it seeks documents that are

19  not relevant nor proportional to the needs of the case.

20      The Commission further objects to Request No. 53, to the extent it seeks documents that are

21  Privileged. The Commission specifically objects to Defendants' request for "analysis" done by or

22  on behalf of the Commission, which is protected by the work product doctrine and also premature

23  under and/or protected by Federal Rules 26(a)(2), 26(b)(3) and 26(b)(4).

24      Based on the above-stated objections, the Commission is not searching for or producing

25  documents responsive to this request.

26  **Request for Production No. 54:**

27      All Documents Concerning all sales of ADA, ALGO, ATOM, FIL, FLOW, ICP, MANA,

28  MATIC, NEAR, OMG, and SOL on the Kraken Digital Asset Trading Platform that were

conducted by the issuers of, and/or Persons or organizations associated with, those Digital Assets.

**Response to Request for Production No. 54:**

The Commission objects to Request No. 54 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 54 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 54, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will conduct a reasonable search for Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 55:**

All Documents Concerning all sales of ADA, ALGO, ATOM, FIL, FLOW, ICP, MANA, MATIC, NEAR, OMG, and SOL on the Kraken Digital Asset Trading Platform that were conducted by third-parties.

**Response to Request for Production No. 55:**

The Commission objects to Request No. 55 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 55 because it is vague and ambiguous.

The Commission further objects to Request No. 55 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 55, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes Non-privileged documents responsive to this request, and the Commission will conduct a reasonable search for additional Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 56:**

All Documents and Communications Concerning any purported harm to investors and/or victims that resulted from Kraken making available on its Digital Asset Trading Platform the following Digital Assets: ADA, ALGO, ATOM, FIL, FLOW, ICP, MANA, MATIC, NEAR, OMG, and SOL.

**Response to Request for Production No. 56:**

The Commission objects to Request No. 56 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 56 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 56, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will conduct a reasonable search for Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 57:**

All Documents and Communications Concerning any injury or damage that resulted from the SEC's filing of the Complaint, and/or the other complaints referenced above.

**Response to Request for Production No. 57:**

The Commission objects to Request No. 57 as unduly burdensome, overbroad, and oppressive.

The Commission objects to the phrase "any injury or damage that resulted from the SEC's filing of . . . [c]omplaint[s]" as vague and undefined.

The Commission further objects to Request No. 57 as calling for the production of documents that are not relevant to any parties' claims or defenses.

The Commission further objects to Request No. 57, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing

documents responsive to this request.

**Request for Production No. 58:**

All Documents and Communications Concerning any no-action letters, orders, proposed or final rulemaking, final investigative reports, and enforcement action complaints issued or filed by the SEC concerning any Digital Asset or Virtual Currency, including, but not limited to, any requests for no-action letters submitted in connection with any Digital Asset or Virtual Currency, and if applicable, the basis for declination.

**Response to Request for Production No. 58:**

The Commission objects to Request No. 58 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 58 as vague and ambiguous.

The Commission further objects to Request No. 58 as calling for the production of documents that are not relevant to any parties' claims or defenses.

The Commission further objects to Request No. 58, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 59:**

All Documents and Communications Concerning the utility, or inherent value, of Digital Assets, including bitcoin, ether, ADA, ALGO, ATOM, FIL, FLOW, ICP, MANA, MATIC, NEAR, OMG, and SOL including but not limited to discussions regarding how people use Digital Assets.

**Response to Request for Production No. 59:**

The Commission objects to Request No. 59 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to the phrase "utility, or inherent value" and "discussions regarding how people use Digital Assets" as vague and undefined.

The Commission further objects to Request No. 59 as calling for the production of documents that are not relevant to any parties' claims or defenses.

The Commission further objects to Request No. 59, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 60:**

All Documents and Communications Concerning or supporting Your allegations in Paragraphs 229, 282, 315, 336, 354, 372, and 426 of the Complaint.

**Response to Request for Production No. 60:**

The Commission objects to Request No. 60 as unduly burdensome, overbroad, and oppressive. The Commission specifically objects to the request for "All Documents and Communications Concerning" the specified allegations, given the scope of the phrase "Concerning."

The Commission further objects to Request No. 60 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 60, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request.

**Request for Production No. 61:**

All Documents and Communications Concerning or supporting Your allegations in Paragraphs 210-222 of the Complaint.

**Response to Request for Production No. 61:**

The Commission objects to Request No. 61 as unduly burdensome, overbroad, and oppressive. The Commission specifically objects to the request for "All Documents and Communications Concerning" the specified allegations, given the scope of the phrase "Concerning."

The Commission further objects to Request No. 61, to the extent it seeks documents that are

1  Privileged.

2      Subject to and without waiving the foregoing objections, the Commission states it will

3  produce the Commission's Investigative File, which includes non-privileged documents responsive

4  to this request.

5  **Request for Production No. 62:**

6      All Documents Concerning or supporting Your contention in ECF No. 60 that "new

7  investors replace resellers within the common enterprise on the same terms."

8  **Response to Request for Production No. 62:**

9      The Commission objects to Request No. 62 as unduly burdensome, overbroad, and

10 oppressive. The Commission specifically objects to the request for "All Documents and

11 Communications Concerning" the specified excerpt, given the scope of the phrase "Concerning."

12     The Commission further objects to Request No. 62 because it selectively excepts argument

13 from a publicly-filed legal memorandum which speaks for itself.

14     The Commission further objects to Request No. 62, to the extent it seeks documents that are

15 Privileged and subject to and Federal Rules 26(a)(2), 26(b)(3) and 26(b)(4).

16     Subject to and without waiving the foregoing objections, the Commission states it will

17 produce the Commission's Investigative File, which includes non-privileged documents responsive

18 to this request.

19 **Request for Production No. 63:**

20     All Documents Concerning or supporting Your contention in ECF No. 60 that "the value of

21 a crypto asset vanishes (as does the crypto asset itself) if the networks they are intrinsically tied to

22 disappear."

23 **Response to Request for Production No. 63:**

24     The Commission objects to Request No. 63 as unduly burdensome, overbroad, and

25 oppressive. The Commission specifically objects to the request for "All Documents and

26 Communications Concerning" the specified excerpt, given the scope of the phrase "Concerning."

27     The Commission further objects to Request No. 63 because it selectively excepts argument

28 from a publicly-filed legal memorandum which speaks for itself.

The Commission further objects to Request No. 63, to the extent it seeks documents that are Privileged and subject to Federal Rules 26(a)(2), 26(b)(3) and 26(b)(4).

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request.

**Request for Production No. 64:**

All Documents and Communications Concerning whether Digital Assets can exist without their native blockchains or networks.

**Response to Request for Production No. 64:**

The Commission objects to Request No. 64 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 64 as calling for the production of documents that are not relevant to any parties' claims or defenses.

The Commission further objects to Request No. 64, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 65:**

All Documents and Communications Concerning any decision by You to suspend or discontinue an investigation into:

      a.      ADA, the Cardano Foundation, IOHK, or Emurgo;

      b.      ALGO or the Algorand Foundation Ltd.;

      c.      ATOM, the Cosmos Hub, the Interchain Foundation, Interchain GmbH, LLC, All in Bits, Inc., or NewTendermint, Inc.;

      d.      FIL or Protocol Labs;

      e.      FLOW or Dapper Labs;

      f.      ICP, DNF, or DFINITY Foundation;

      g.      MANA, Decentraland, or Metaverse Holdings;

      h.        MATIC, Polygon, or Polygon Labs;

      i.         NEAR, Near, Inc., or the NEAR Foundation;

      j.         OMG, OmiseGO, Genesis Block Ventures, the Boba Network, or the BOBA Foundation;

      k.        SOL or Solana Labs, Inc.; or

      l.         Any other Digital Asset.

**Response to Request for Production No. 65:**

The Commission objects to Request No. 65 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 65 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 65, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 66:**

All Documents and Communications Concerning every transaction conducted on the Kraken Digital Asset Trading Platform that You believe constituted an unlawful offer or sale of a security.

**Response to Request for Production No. 66:**

The Commission objects to Request No. 66 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 66 because it is vague and ambiguous.

The Commission further objects to Request No. 66 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 66, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes Non-privileged documents responsive

to this request, and the Commission will conduct a reasonable search for additional Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 67:**

All Documents and Communications Concerning or supporting Your allegation in Paragraph 117 of the Complaint that "[m]ultiple issuers sold their respective crypto assets on the Kraken Trading Platform through market makers."

**Response to Request for Production No. 67:**

The Commission objects to Request No. 67 as unduly burdensome, overbroad, and oppressive. The Commission specifically objects to the request for "All Documents and Communications Concerning" the specified allegations, given the scope of the phrase "Concerning."

The Commission further objects to Request No. 67 to the extent that certain responsive documents are in the possession, custody, or control of, or equally available, to Defendants.

The Commission further objects to Request No. 67, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request.

**Request for Production No. 68:**

All Documents and Communications Concerning or supporting Your allegations in Paragraphs 120-123 of the Complaint regarding communication between a Kraken representative and a market maker.

**Response to Request for Production No. 68:**

The Commission objects to Request No. 68 as unduly burdensome, overbroad, and oppressive. The Commission specifically objects to the request for "All Documents and Communications Concerning" the specified allegations, given the scope of the phrase "Concerning."

1
2

The Commission further objects to Request No. 68 to the extent that certain responsive documents are in the possession, custody, or control of, or equally available, to Defendants.

3
4

The Commission further objects to Request No. 68, to the extent it seeks documents that are Privileged.

5
6
7

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request.

8

**Request for Production No. 69:**

9
10
11

All Documents and Communications Concerning or supporting Your allegation in Paragraph 124 of the Complaint that a market maker "offered and sold ADA, FIL, FLOW, ICP, MATIC and NEAR via the Kraken Trading Platform on behalf of their respective issuers."

12

**Response to Request for Production No. 69:**

13
14
15
16

The Commission objects to Request No. 69 as unduly burdensome, overbroad, and oppressive. The Commission specifically objects to the request for "All Documents and Communications Concerning" the specified allegations, given the scope of the phrase "Concerning."

17
18

The Commission further objects to Request No. 69 to the extent that certain responsive documents are in the possession, custody, or control of, or equally available, to Defendants.

19
20

The Commission further objects to Request No. 69, to the extent it seeks documents that are Privileged.

21
22
23

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request.

24

**Request for Production No. 70:**

25
26
27

All Documents and Communications Concerning or supporting Your allegation in Paragraph 125 of the Complaint that "[o]ther market makers offered and sold crypto assets via the Kraken Trading Platform on behalf of their issuers."

28

**Response to Request for Production No. 70:**

The Commission objects to Request No. 70 as unduly burdensome, overbroad, and oppressive. The Commission specifically objects to the request for "All Documents and Communications Concerning" the specified allegations, given the scope of the phrase "Concerning."

The Commission further objects to Request No. 70 to the extent that certain responsive documents are in the possession, custody, or control of, or equally available, to Defendants.

The Commission further objects to Request No. 70, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request.

**Request for Production No. 71:**

All Documents and Communications Concerning or supporting Your allegation in Paragraph 126 of the Complaint that the issuers of ADA, ALGO, FIL, FLOW, ICP, MATIC and NEAR all sold their respective Digital Assets through market makers on the Kraken Digital Asset Trading Platform.

**Response to Request for Production No. 71:**

The Commission objects to Request No. 71 as unduly burdensome, overbroad, and oppressive. The Commission specifically objects to the request for "All Documents and Communications Concerning" the specified allegations, given the scope of the phrase "Concerning."

The Commission further objects to Request No. 71 to the extent that certain responsive documents are in the possession, custody, or control of, or equally available, to Defendants.

The Commission further objects to Request No. 71 the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive

to this request.

**Request for Production No. 72:**

All Documents and Communications Concerning or supporting Your contention in ECF No. 60 that "the issuer of FLOW offered and sold FLOW from its own holdings on the Kraken Trading Platform using market maker agents."

**Response to Request for Production No. 72:**

The Commission objects to Request No. 72 as unduly burdensome, overbroad, and oppressive. The Commission specifically objects to the request for "All Documents and Communications Concerning" the specified allegations, given the scope of the phrase "Concerning."

The Commission further objects to Request No. 72 because it selectively excepts argument from a publicly-filed legal memorandum which speaks for itself.

The Commission further objects to Request No. 72 to the extent that certain responsive documents are in the possession, custody, or control of, or equally available, to Defendants.

The Commission further objects to Request No. 72, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request.

**Request for Production No. 73:**

All Communications with, and Documents Concerning Communications with, any market makers cited or relied upon, or encompassed within, Your allegations in Paragraphs 117-128 of the Complaint.

**Response to Request for Production No. 73:**

The Commission objects to Request No. 73 as unduly burdensome, overbroad, and oppressive. The Commission specifically objects to the request for "Communications with, and Documents Concerning Communications with, any market makers cited or relied upon" without any topical or temporal limit.

The Commission further objects to Request No. 73 as calling for the production of documents that are not relevant to any parties' claims or defenses.

The Commission further objects to Request No. 73 the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will conduct a reasonable search for Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 74:**

All Documents Concerning the size, growth, value, and/or importance of the Digital Asset industry or Digital Asset Trading Platforms.

**Response to Request for Production No. 74:**

The Commission objects to Request No. 74 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 74 because the phrase "the size, value, growth, or importance of the Digital Asset industry or Digital Asset Platforms" is vague and undefined.

The Commission further objects to Request No. 74, to the extent it seeks documents that are not relevant nor proportional to the needs of the case. The Commission specifically objects to the extent this request seeks documents concerning Defendants' "major questions doctrine" defense (*see* Defendants' Answer, ECF No. 91, at 70-71), which the Court has already rejected and thus is not relevant. *See* Order Denying Motion to Dismiss and Setting Case Management Conference, ECF No. 90 at 28 ("Other courts have already considered whether similar claims brought by the SEC violate the major questions doctrine and found that they do not. The same is true here.").

The Commission further objects to Request No. 74, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 75:**

All Documents and Communications Concerning the international or global characteristics of transactions involving Virtual Currencies and/or Digital Assets, as well as the SEC's jurisdiction over and/or authority to regulate such transactions.

**Response to Request for Production No. 75:**

The Commission objects to Request No. 75 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to the phrases "international or global characteristics of transactions" and "the SEC's jurisdiction over and/or authority to regulate such transactions," which are vague and undefined.

The Commission further objects to Request No. 75 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 75, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 76:**

All Documents and Communications Concerning Your December 15, 2023 denial of Coinbase Global, Inc.'s petition for rulemaking, filed on July 21, 2022.

**Response to Request for Production No. 76:**

The Commission objects to Request No. 76 as unduly burdensome, overbroad, and oppressive. The Commission specifically objects to the extent certain responsive documents were publicly filed on the Commission's website, and also publicly filed in Coinbase Global, Inc.'s action petitioning for a writ of mandamus to the Commission, *see In re Coinbase, Inc.*, Case 23-1779 (3d. Cir.), and thus are equally available to Defendants.

The Commission further objects to Request No. 76 because it seeks only documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 76, to the extent it seeks documents that are

1    Privileged.

2        Based on the above-stated objections, the Commission is not searching for or producing

3    documents responsive to this request.

4    **Request for Production No. 77:**

5        All Documents and Communications Concerning the May 6, 2021 testimony by SEC Chair

6    Gary Gensler before the United States House of Representatives Committee on Financial Services

7    regarding Digital Assets and Digital Asset Trading Platforms, including but not limited to: all

8    Documents, including internal Communications, analyses, drafts, and other materials, that were

9    prepared or relied upon by Chair Gensler, or any other current or former SEC Division Director,

10   Staff, or Commissioner in reaching the determination that "right now the exchanges trading in these

11   crypto assets do not have a regulatory framework [] at the SEC."

12   **Response to Request for Production No. 77:**

13       The Commission objects to Request No. 77 as unduly burdensome, overbroad, and

14   oppressive.

15       The Commission further objects to Request No. 77 to the extent that it selectively excerpts

16   the text that is the subject of the request, which speaks for itself, and to the extent that it

17   mischaracterizes said text (*e.g.*, "reaching the determination").

18       The Commission further objects to Request No. 77 because it seeks documents that are not

19   relevant nor proportional to the needs of the case.

20       The Commission further objects to Request No. 77, to the extent it seeks documents that are

21   Privileged.

22       Based on the above-stated objections, the Commission is not searching for or producing

23   documents responsive to this request.

24   **Request for Production No. 78:**

25       All Documents and Communications Concerning the August 5, 2021 letter from SEC Chair

26   Gary Gensler to Senator Elizabeth Warren,

27   https://www.warren.senate.gov/imo/media/doc/gensler_response_to_warren_-

28   _cryptocurrency_exchanges.pdf, including but not limited to: all Documents, including internal

Communications, analyses, drafts, and other materials, that were prepared or relied upon by Chair Gensler, or any other current or former SEC Division Director, Staff, or Commissioner in reaching the determination that the SEC "need[s] additional authorities to prevent transactions, products, and platforms from falling between regulatory cracks."

**Response to Request for Production No. 78:**

The Commission objects to Request No. 78 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 78 to the extent that it selectively excerpts the text that is the subject of the request, which speaks for itself, and to the extent that it mischaracterizes said text (*e.g.*, "reaching the determination").

The Commission further objects to Request No. 78 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 78, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 79:**

All Documents and Communications Concerning any speeches made at any time by any SEC Commissioner, senior officers, and staff members Concerning Digital Assets, and any analyses or other materials that were prepared or relied upon in reaching the conclusions and observations reflected in such speeches.

**Response to Request for Production No. 79:**

The Commission objects to Request No. 79 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 79 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 79, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 80:**

All Documents and Communications Concerning the December 7, 2022 statements by SEC Chair Gary Gensler regarding Digital Assets and Digital Asset Trading Platforms in his interview with Yahoo! Finance, as reflected in https://finance.yahoo.com/video/sec-gensler-runway-gettingshorter-161605453.html.

**Response to Request for Production No. 80:**

The Commission objects to Request No. 80 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 80 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 80, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 81:**

All Documents and Communications Concerning statements by SEC Chair Gary Gensler regarding the proposed Financial Innovation and Technology for the 21st Century Act (H.R. 4763, 118th Cong.), including but not limited to his May 22, 2024 statement reflected in the following link:  https://www.sec.gov/newsroom/speeches-statements/gensler-21st-century-act-05222024.

**Response to Request for Production No. 81:**

The Commission objects to Request No. 81 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 81 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 81, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 82:**

All Documents and Communications Concerning meetings between any SEC Commissioner and any founders, CEOs, Board members, officers, or employees of any Digital Asset company, nonprofit, or foundation.

**Response to Request for Production No. 82:**

The Commission objects to Request No. 82 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 82 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 82, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 83:**

All Documents and Communications Concerning meetings between any SEC Commissioner, senior officers, and staff members and FTX or any of its founders, CEOs, Board members, officers, or employees, Concerning Digital Assets and/or Digital Asset Trading Platforms.

**Response to Request for Production No. 83:**

The Commission objects to Request No. 83 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 83 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 83, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing

documents responsive to this request.

**Request for Production No. 84:**

All Documents and Communications Concerning FTX produced by You to any Congressional committee in response any formal or informal requests.

**Response to Request for Production No. 84:**

The Commission objects to Request No. 84 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 84 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 84, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 85:**

All Documents and Communications Concerning Kraken's May 10, 2023 testimony before the Subcommittee on Digital Assets, Financial Technology, and Inclusion of the United States House of Representatives Committee on Financial Services, and the Subcommittee on Commodity Markets, Digital Assets, and Rural Development of the United States House of Representatives Committee on Agriculture.

**Response to Request for Production No. 85:**

The Commission objects to Request No. 85 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 85 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 85, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 86:**

All Documents Concerning Communications with Congressional committees or members or their staff, or employees of the Executive Branch Concerning Digital Assets and Digital Asset regulation.

**Response to Request for Production No. 86:**

The Commission objects to Request No. 86 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 86 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 86, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 87:**

A copy of any notice sent from the SEC's Director of Enforcement, or the Director's designee, to the Chairman of the SEC, pursuant to 15 U.S.C. § 78d-5(a)(2).

**Response to Request for Production No. 87:**

The Commission objects to Request No. 87 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 87 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 87, to the extent it seeks documents that are Privileged.

Based on the above-stated objections, the Commission is not searching for or producing documents responsive to this request.

**Request for Production No. 88:**

All Documents and Communications which might reasonably be considered exculpatory to Kraken with respect to the allegations in the Complaint.

**Response to Request for Production No. 88:**

The Commission objects to Request No. 88 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 88 because it is vague and ambiguous as to the phrase "might reasonably be considered exculpatory."

The Commission further objects to Request No. 88, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will conduct a reasonable search for Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 89:**

All Documents that You contend support the allegations and claims made in the Complaint filed in this Action.

**Response to Request for Production No. 89:**

The Commission objects to Request No. 89 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 89 because the phrase "You contend support" is vague and undefined.

The Commission further objects to Request No. 89 to the extent that it seeks to impose on the Commission a greater burden than that permitted by the Federal Rules.

The Commission further objects to Request No. 89 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 89, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes Non-privileged documents responsive to this request, and the Commission will conduct a reasonable search for additional Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and

proportional to the needs of the case.

**Request for Production No. 90:**

All Documents that tend to contradict, disprove, refute, or undercut Your allegations and claims made in the Complaint filed in this Action.

**Response to Request for Production No. 90:**

The Commission objects to Request No. 90 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 90 to the extent that it seeks to impose on the Commission a greater burden than that permitted by the Federal Rules.

The Commission further objects to Request No. 90, to the extent it seeks documents that are Privileged.

Subject to and without waiving the foregoing objections, the Commission states it will conduct a reasonable search for Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case.

**Request for Production No. 91:**

All Documents that You intend to rely upon for any purpose, or introduce as evidence, at trial or at any hearing in this Action.

**Response to Request for Production No. 91:**

The Commission further objects to Request No. 91 to the extent that it seeks to impose on the Commission a greater burden than that permitted by the Federal Rules. The Commission specifically objects to Request No. 91 as premature.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes Non-privileged documents responsive to this request, and the Commission will conduct a reasonable search for additional Non-privileged documents that are responsive to this request, relevant to the claims or defenses in this Action, and proportional to the needs of the case. Furthermore the Commission will produce documents responsive to this request at the appropriate time in accordance with the Federal Rules, Local Rules,

///

Court's Individual Rules, or other applicable authorities.


Dated:  September 30, 2024                    Respectfully submitted,

                                              */s/ Peter Bryan Moores*
                                              Daniel O. Blau
                                              Alec Johnson
                                              Peter Bryan Moores
                                              Elizabeth Goody
                                              Counsel for Plaintiff
                                              Securities and Exchange Commission

## <u>PROOF OF SERVICE</u>

I am over the age of 18 years and not a party to this action.  My business address is:

      U.S. SECURITIES AND EXCHANGE COMMISSION,
      33 Arch Street, 24th Floor, Boston, MA 02110
      Telephone No. 617-573-8900.

On September 30, 2024, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OBJECTIONS AND RESPONSES TO DEFENDANTS PAYWARD, INC.'S AND PAYWARD VENTURES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on all the parties to this action addressed as stated on the attached service list:

☐    **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

        ☐    **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

        ☐    **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐    **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐    **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒    **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☐    **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐    **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

        I declare under penalty of perjury that the foregoing is true and correct.

Date:  September 30, 2024               */s/ Peter Bryan Moores*
                                        Peter Bryan Moores

***SEC v. Payward, Inc.; Payward Ventures, Inc.***
**United States District Court—Northern District of California**
**Case No. 3:23-cv-06003-WHO**

**SERVICE LIST**

Matthew C. Solomon, Esq.
Rahul Mukhi, Esq.
Jennifer K. Park, Esq.
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Email: msolomon@cgsh.com
Email: rmukhi@cgsh.com
Email: jkpark@cgsh.com
***Attorney for Defendants Payward, Inc. and Payward Ventures, Inc.***

Brian Klein, Esq.
Ashley Martabano, Esq.
Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Email; bklein@waymakerlaw.com
Email: amartabano@waymakerlaw.com
***Counsel for Defendants Payward, Inc. and Payward Ventures, Inc.***